Junior William **BENEFIELD** and Amos Bailous Benefield, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 22812.

United States Court of Appeals Fifth Circuit.

Dec. 28, 1966.

John S. Tucker, Jr., Birmingham, Ala., for appellants.

R. Macey Taylor, Asst. U. S. Atty., Birmingham, Ala., Macon L. Weaver, U. S. Atty., for appellee.

Before RIVES, GEWIN and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Appellants were convicted of a conspiracy to violate the Internal Revenue Laws relating to distilled liquors. Each appellant also was convicted of several substantive counts arising under said laws. The convictions are appealed on three grounds. We affirm.

■■ As to sufficiency of the evidence against defendant Amos Benefield: an Alcohol Tax Unit agent testified he observed Amos put several sacks of sugar into one of the stills. This, together with his presence at the still, was sufficient to support a verdict of guilty on the charge of making mash fit for distillation, in violation of 26 U.S.C.A. § 5222 (a) (1), which was Count Three.[1] Under each of the above violations Amos was subject to fine of up to $10,000 and imprisonment up to five years. While we are not required to review any other counts, since the sentence imposed was within that authorized by either of the above two counts [Holt v. United States, 288 F.2d 447 (5th Cir., 1961); Barenblatt v. United States, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115 (1959)] we have, nevertheless, reviewed the evidence and find it was sufficient to sustain a conviction on every count.

■ As to defendant Junior William Benefield: there was evidence that Junior actively participated in the removal from the still site, in close proximity to his house, of 162 gallons of liquor. This alone would be sufficient to support a conviction of concealment or removal under 26 U.S.C.A. § 7206(4), which was Count Six. Price v. United States, 150

---

1. There was sufficient evidence of Amos' active participation in the manufacturing process that we do not rely on the presumption established by 26 U.S.C.A. § 5601(b) (3) that mere presence where and when mash is made is sufficient to support a conviction for making or fermenting the mash.

F.2d 283 (5th Cir., 1945). The maximum punishment for this violation alone would be $5,000 fine and three years imprisonment. While we are not required to review other counts for the same reason stated above, we have done so and find that the evidence was sufficient to sustain a conviction on every count.

■ Appellants also claim the District Court erred in refusing to permit them to inspect and copy before trial statements given to government agents by persons subsequently called as defense witnesses. They assert the broad proposition that a defendant is entitled to inspect any record or writing in the possession of the United States Attorney which might tend to prove defendant's innocence. The Jencks Act, 18 U.S.C.A. § 3500 was complied with; the requested statements were produced at trial and used by appellants in cross examination. Appellants cite no authority for their broad proposition; we assume they rely upon Rule 16 of the Federal Rules of Criminal Procedure. But, "[S]tatements of a government witness made to an agent of the Government which cannot be produced under the terms of 18 U.S.C. § 3500 cannot be produced at all." Palermo v. United States, 360 U.S. 343, 351, 79 S.Ct. 1217, 1224, 3 L.Ed.2d 1287 (1959). "[The Jencks Act] defeats the appellant's assertion of a right to discovery before the trial." Casados v. United States, 300 F.2d 845, 848 (5th Cir., 1962).

■ Appellants maintain the District Court erred in permitting a defense witness, Martin, to be asked about his prior arrest. Martin had testified as to the reputation of a prosecution witness for truthfulness. On cross examination he was asked, "Were you arrested on September 2, 1955?" There was no objection, and Martin answered that he had been arrested while "helping another fellow" with some moonshine whiskey. Then followed a series of questions about the arrest, the identity of persons arrested with him, description of the still involved, and other questions. Appellants made various general objections with no indication of the basis, plus objections on grounds that the witness was being required to incriminate himself and lack of materiality. Even after the first question had been answered without objection, and objections were subsequently made, none raised the question whether inquiring as to a prior arrest, without showing a conviction, was proper. We find no error.

Affirmed.