**UNITED STATES of America**
**v.**
**Lowell M. BIRRELL, Defendant.**
**No. 61 Cr. 692.**

United States District Court
S. D. New York.

Jan. 19, 1967.

See also D.C., 262 F.Supp. 97.

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, for the United States of America; Arthur L. Liman, Sp. Asst. U. S. Atty., and Stephen L. Hammerman, Asst. U. S. Atty., of counsel.

William J. Brennan, III, New York City, for defendant, Lowell M. Birrell.

## OPINION

HERLANDS, District Judge:

Defendant's motion for a bill of particulars (Fed.R.Crim.P. 7(f)) seeks to compel the Government to supply him with thirty-six items of information identified in the motion papers as particulars "(a)" to "(jj)".

The motion, originally filed September 4, 1964 and subsequently adjourned and thereafter struck from the motion calendar, was revived and brought on for hearing by a written notice filed October 28, 1966. This procedure was consented to by the Government and approved by the Court, at a pretrial conference held on October 17, 1966.

On January 10, 1967, both sides submitted the motion on the motion papers and briefs, and the Court reserved decision.

Although the motion was first made in 1964, the chronology just recited shows that the merits of the motion should be determined under FedR.Crim.P. 7(f), as amended July 1, 1966.

The relevant amendment is the deletion of the words "for cause" from the sentence: "The court for cause may direct the filing of a bill of particulars."

The Advisory Committee's Note to this amendment states that the elimination of the requirement of a showing of cause "is designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases."

The "more liberal attitude" to be adopted with respect to a motion for a bill of particulars does not alter the two basic purposes of a bill of particulars. Those purposes are (1) to apprise the defendant of the crime charged with sufficient particularity to enable him to prepare a proper defense and avoid prejudicial surprise at trial, and (2) to enable him to plead his acquittal or conviction as a bar to later prosecution for the same offense.

As the Court of Appeals said in United States v. Russo, 260 F.2d 849, 850 (2d Cir. 1958):

"It is obviously a matter of degree how far an accused must be advised in advance of the details of the evidence that will be produced against him, and

no definite rules are possible. All that can be said is that he must know enough to be able to produce in season whatever evidence he may have in answer, and that the charge must become clear enough at the trial to make the judgment available to him on a future plea of "former jeopardy." The general doctrine is that the extent of the particulars granted lies in the discretion of the trial court, and any abuse of that discretion can of course be reviewed upon appeal. Wong Tai v. United States, 1927, 273 U.S. 77, 82 [47 S.Ct. 300, 71 L.Ed. 545]; United States v. Kushner, 2 Cir., 1943, 135 F.2d 668, 673–674."

The indictment herein is replete with factual details. Nevertheless, the Government has consented to supply the defendant with a number of particulars, as specified by the Government in its opposing affidavit (pp. 2–3) and in its opposing memorandum of law (pp. 17–25).

The motion is granted to the extent that the Government has consented. It is denied in all other respects for the reason that the other particulars sought obviously constitute an unwarranted attempt to obtain evidentiary details of the Government's proof in advance of trial and of the theory of its case.

An analysis of the indictment, especially in light of the particulars that the Government has consented to furnish, quite clearly demonstrates that the defendant is and will be sufficiently informed of the charge against him so that he is able to prepare his defense and avoid surprise at the trial, and the defendant is and will be protected against another prosecution for the same alleged offenses. In these circumstances, particulars (beyond those to be furnished by the Government on consent) will not be ordered. See United States v. Lebron, 222 F.2d 531, 535–536 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); Hartzell v. United States, 72 F.2d 569, 575 (8th. Cir.), cert. denied, 293 U.S. 621, 55 S.Ct. 216, 79 L.Ed. 708 (1934); United States v. Kahaner, 203 F.Supp. 78, 84 (S.D.N.Y. 1962), aff'd, 317 F.2d 459 (2d Cir.), cert. denied, 375 U.S. 836, 84 S.Ct. 73, 11 L.Ed.2d 65 (1963); United States v. Stromberg, 22 F.R.D. 513, 522 (S.D.N.Y. 1957), modified on other grounds, 268 F.2d 256 (2d Cir. 1959); United States v. Stein, 18 F.R.D. 17, 19 (S.D.N.Y.1955); United States v. Rosenberg, 10 F.R.D. 521, 523 (S.D.N.Y.1950); United States v. Rubenstein, 9 F.R.D. 255, 257–258 (S.D.N.Y.1949).

Settle order upon notice in accordance with the views expressed in this opinion. The bill shall be served within fifteen days after the settled order is signed.