Joseph Thomas McCAFFREY, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8604.**

United States Court of Appeals
Tenth Circuit.

Feb. 3, 1967.

Rehearing Denied March 1, 1967.

George J. Francis and Frances DeLost, Denver, Colo., for appellant.

Lawrence M. Henry, U. S. Atty., Denver, Colo., for appellee.

Before LEWIS and ALDRICH, Circuit Judges, and STANLEY, District Judge.

ARTHUR J. STANLEY, District Judge.

Appellant was convicted of possession of a certificate purporting to be a Selective Service Registration Certificate, known by him to have been falsely made. The indictment clearly charges violation of the fifth clause of 50 U.S.C.A. Appendix, § 462(b), which makes it an offense for any person to possess "any certificate purporting to be a certificate issued pursuant to [the Universal Military Training and Service Act] * * * which he knows to be falsely made * *."

Appellant testified in his own behalf at his trial. He admitted that on the date charged he had in his possession the registration certificate which was introduced in evidence as government's Exhibit 1; that he had purchased it from one Chilly for five dollars; that Chilly had made it up in his presence; and that he himself had signed the name "Joe Scott" in the place provided for the signature of the registrant.

Government's Exhibit 1 purports to be a registration certificate, SSS Form No. 2, issued by Local Board No. 10, Jefferson County, Colorado, certifying that one Joseph Thomas Scott was duly registered November 22, 1961. It bore the number 15–10–43–103, and the signature of "Lois Maxton" as clerk of the local board. The Deputy State Director of Selective Service testified that the number shown on Exhibit 1 would not appear on a certificate regularly issued by a Colorado board; that Local Board No. 10 had not had a clerk named Lois Maxton since enactment of the 1948 Selective Service Act; that the printed matter on the face of the exhibit conformed to that on certificates regularly issued by Colorado boards; and that a search of his records revealed no registrant named Joseph Thomas Scott.

Thus it was established that appellant had Exhibit 1 in his possession and that he knew the material inserted in the blank spaces on the exhibit had been placed thereon by persons other than those authorized to complete the form. If then, Exhibit 1 was in fact "a certificate purporting to be a certificate issued pursuant to" the Selective Service Act, violation of § 462(b) was established.

Appellant argues that it is the false making of the form that is the basis of the offense, "not the filling in of spaces on a genuine form," and since there was no proof that the blank form was not genuine the government failed to prove violation of § 462(b). This argument is unsound.

Exhibit 1, before its blank spaces were filled in by Mr. Chilly and appellant,

was not a certificate. It did not even purport to be a certificate until the blank spaces were filled in and a signature purporting to be that of the clerk was affixed. A certificate is a document which serves as evidence or as written testimony of status. (See Random House Dictionary).

As was said by the Eighth Circuit in referring to a statute making it unlawful to use any false certificate of citizenship, "(a) certificate which is false in respect of those facts which alone would justify its issuance is as much within the mischief of the statute as a forged or counterfeit instrument." Dolan v. United States, 133 F. 440, 451 (8th Cir. 1904).

■ Appellant complains of the refusal of the trial court to give a requested instruction:

"The Court instructs the jury that if it should find from the evidence beyond a reasonable doubt, that the defendant had in his possession a registration certificate not duly issued to him, then such possession shall be deemed sufficient evidence to establish an intent to use such certificate by the defendant for purposes of false identification or representation, unless the defendant explains such possession to your satisfaction."

The requested instruction might properly have been given if the charge had been laid under the second clause of § 462(b), having to do with possession of a certificate with intent to use it for purposes of false identification. The indictment here was not drawn under the second clause, and the trial court carefully and properly informed the jury as to the essential elements of the offense charged in the indictment.

■ The proceedings of the grand jury which indicted appellant were not recorded, no reporter being present. Appellant contends that failure to record and transcribe the testimony of grand jury witnesses operated to deprive him of his right to use their grand jury testimony for impeachment purposes at the trial. He does not complain of the trial court's refusal to require production of grand jury testimony as did the defendants in Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). Here, as in Welch v. United States, 371 F.2d 287 (10th Cir. 1966) [No. 8097], the testimony had not been recorded and there was no transcript within the possession, custody or control of the government.

There is no requirement that grand jury proceedings be transcribed.* United States v. Cianchetti, 315 F.2d 584 (2d Cir. 1963).

We have examined the entire record and find no error.

Affirmed.

* Even under the 1966 amendment to Rule 16, F.R.Cr.P., authorizing production of a defendant's own grand jury testimony, "disclosure is required only where the statement has been recorded and hence can be transcribed." Notes of Advisory Committee, Rule 16(a) (3).