UNITED STATES of America

v.

James E. "Bookie" TURNER, Gordon G. White, Sherill E. Penney, and George G. "Buddy" Hendricks.

Crim. A. No. 12424.

United States District Court
E. D. Tennessee, S. D.

June 8, 1967.

Memorandum and Order
Sept. 15, 1967.

**414**

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., J. Frank Cunningham, Alfred King, Attys., Department of Justice, Washington, D. C., for plaintiff.

James F. Neal, Nashville, Tenn., John K. Morgan, Joe Wild, Jr., H. H. Gearinger, Crawford Bean, W. Corry Smith, Chattanooga, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

The Grand Jury charges that on or about January 1, 1963, James E. "Bookie" Turner, Gordon G. White, Sherill E. Penney, George G. "Buddy" Hendricks, and thirty-seven others named as co-conspirators but not as defendants, combined, conspired and agreed with each other and with divers other persons whose names are not known to the Grand Jury, to defraud the United States by manufacturing and otherwise handling nontaxpaid distilled spirits and traveled and willfully caused others to travel and use facilities in interstate commerce to carry on business enterprises involving nontaxpaid liquors.

Methods used to carry out the conspiracy are set forth in detail in the indictment as well as numerous overt acts allegedly committed in furtherance of the conspiracy.

Defendant Turner is charged in the second count of the indictment with willfully and knowingly causing and suffering the use of mobile radio transmitters assigned to the Chattanooga Police Department for transmission of communications other than those essential to official police activities of the said Department, contrary to the rule of the Federal Communications Commission made pursuant to 47 U.S.C. § 303(b), in violation of Title 47 U.S.C. §§ 301 and 501.

Various motions filed by the defendants will be considered in chronological order.

Defendants Penney and Hendricks have moved for a bill of particulars with respect to certain portions of the indictment. The indictment is explicit and they seek evidence rather than a specifi-

cation of the charges which the Government is not required to furnish in advance of the trial. United States v. Birrell, D.C., 263 F.Supp. 113; United States v. Deliberto, D.C., 264 F.Supp. 181; Ray v. United States, D.C., 367 F.2d 258.

■ Penney and Hendricks have also moved to strike all of Paragraph 1 of Count 1 of the indictment following the words "the defendants" in line 4 on the ground that it improperly names the co-conspirators who were parties to the crime. It is the contention of the defendants that they should not be named in the indictment without being indicted; that by naming them without indicting them their constitutional rights under Article 1, Section 9, Clause 3 are violated. Defendants also say that the adding of these names is surplusage in the indictment and they should be stricken. If anyone has the right to complain of this procedure, it would be the parties who are named and not indicted rather than these defendants. It is not such surplusage as should be stricken. Dranow v. United States, 8 Cir., 307 F.2d 545.

The complaints of these defendants about admitting hearsay evidence in a conspiracy trial is without foundation. Parente v. United States, 9 Cir., 249 F.2d 752, 754.

The cases cited by these defendants to support their contentions are not decisive of the question under consideration in the present case.

■ These defendants also move to strike paragraphs 2 and 4 of Count 1 on the ground they do not charge the defendants with the commission of unlawful acts. This is not necessary. Many overt acts that are committed in pursuance of the conspiracy may be lawful. Only one overt act whether lawful or unlawful committed in pursuance to a conspiracy is sufficient.

■ These defendants also move to strike the overt acts alleged in the indictment because they are immaterial to them and they are not charged with having knowledge or control over such acts.

Many of the acts relate to defendant Hendricks. However, if these defendants were parties to the conspiracy neither their knowledge nor their participation in the overt acts is required to make them guilty. Robinson v. United States, 93 U.S.App.D.C. 347, 210 F.2d 29; United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211.

■ Penney and Hendricks seek discovery and inspection of their own statements under Rule 16 F.R.Cr.P., which request is granted. Under the interpretation of that rule by various courts, including the Supreme Court, it is a better practice to give a defendant a copy of his own statement. Cicenia v. LaGay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523. The statements made by their co-defendants or alleged co-conspirators are not discoverable. Neither is the testimony of them before the grand jury. See Rule 16 F.R.Cr.P. Cicenia v. LaGay, supra; United States v. Johnson, D.C., 215 F.Supp. 300.

Rule 16(b) of the Federal Rules of Criminal Procedure does not authorize the discovery or inspection of statements made by government witnesses or prospective witnesses—other than the defendants to agents of the government, except as provided in 18 U.S.C. § 3500. United States v. Baker, D.C., 262 F.Supp. 657.

■ James E. Turner has moved for severance and a separate trial from other defendants or at least from Penney and Hendricks pursuant to Rule 14 of the Federal Rules of Criminal Procedure. As a general rule persons jointly indicted should be tried together. Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193; United States v. Kahaner, D.C., 203 F.Supp. 78. A single trial, however, may not be had at the expense of a defendant in getting a fair trial. A fair trial is the paramount object in all situations. Schaffer v. United States, 5 Cir., 221 F.2d 17. A separate trial should be granted only when it appears that a joint trial will prejudice one or more of the defendants, as there is a public interest in avoiding duplic-

**416**

itous, time-consuming second trials. Defendant is entitled to a separate trial only upon a showing that his rights will be prejudiced by one trial. The fact that a co-conspirator has given an incriminatory statement is not sufficient alone for a separate trial. Nor is hostility between defendants sufficient for a separate trial. The fact that one defendant wants to save himself at the expense of another is not conclusive upon the issue. The ultimate test is whether the jury can follow admonitory instructions of the Court and appraise independent evidence against each defendant solely upon the defendant's own acts, statements and conduct.

■ Turner asserts that there is a likelihood that defendants Penney and Hendricks will not take the stand and this will force counsel for Turner to draw the jury's attention to their failure to take the stand by emphasizing that if they took the stand they would exonerate the defendants (In that connection, counsel for Penney and Hendricks each stated during the argument on these motions here today that they had not decided and would not finally decide until all the proof is in as to whether Penney and Hendricks, one or both, will or will not take the witness stand.); that Turner is a law-enforcement officer while Penney and Hendricks have long police records which would create an atmosphere of guilt by association; that the defendants may have made admissions that would incriminate Turner which would not be admissible if Turner were tried alone and that because there are four defendants and more than forty-one co-conspirators it would be impossible for the Court and jury to separate the issues and proof and abide by limitations on the admissibility of evidence and that the cumulative effect of all of these grounds would result in prejudice to the defendant Turner.

Defendant in support of his contention relied upon the cases of United States v. DeLuna, 308 F.2d 140 (C.A.5) and United States v. Echeles, 352 F.2d 892 (C.A. 7). Counsel for each side analyzed each of these cases during the oral argument. They grew out of narcotics transactions. The *Echeles* case involved a lawyer who represented Arrington who entered an alibi plea as a defense, claiming he was in Arkansas at the time of the crime. Echeles placed on the stand two motel operators from Arkansas who testified to Arrington's presence in Arkansas at the pertinent time and produced what they said were Arrington's motel registration cards. Later in the trial, the motel operators changed their story and testified as Government witnesses that the registration cards were filled out in Arrington's home after they were told by Echeles to identify them as the cards of their motel. Arrington then testified that the cards were prepared in his home, but also testified that Echeles had nothing to do with falsifying the records. Arrington pleaded guilty the following day and again testified that Echeles had nothing to do with preparing the cards or with the perjured testimony.

Thereafter, Echeles and Arrington were indicted for suborning, and endeavoring to suborn, perjury of the motel operators. Echeles moved for severance on the ground that in a joint trial he would be unable to call Arrington as his witness. The motion was denied and the upper court reversed saying:

"At this juncture *we hold merely that,* having knowledge of Arrington's record testimony protesting Echeles' innocence, and considering the obvious importance of such testimony to Echeles, it was error to deny the motion for a separate trial." (Emphasis added.)

The decision in that case stands on the particular facts involved in the case as indicated by the quoted language from the Court. It is not decisive of the case under consideration.

In the *DeLuna* case, DeLuna and Gomez were jointly charged with a narcotics violation. Each hired his own attorney. Gomez moved for severance. The motion for severance was denied. Gomez and his family testified and put all the blame on DeLuna. Gomez's lawyer

in his argument to the jury contrasted Gomez's willingness to take the stand with DeLuna's unwillingness and observed that an honest man was not afraid to testify. The Upper Court reversed the lower court.

In conspiracy cases, under the majority opinion in the *DeLuna* case, if one or more of the defendants decides not to testify and the lawyer for the other defendants makes a point out of his refusal to testify before the jury, then severances are required in most all conspiracy cases. This would present a serious procedural problem as indicated by Judge Bell in his concurring opinion in the *DeLuna* case, and in the opinion of this Court the *DeLuna* case is not controlling of the case under consideration.

The motion for severance is denied.

Turner has also moved to dismiss Count 2 of the indictment upon the ground that it fails to allege the essential and material elements of the offense; that is, the failure to set forth the communication or communications it charges were "other than those essential to official police activities." Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240.

■ This count of the indictment fails to apprise the defendant of what he must be prepared to meet. It does not contain sufficient information to permit him to plead a formal acquittal or conviction in future prosecutions. It does not show the specific communication or communications that form the basis of this count. It does not advise the defendant of what specific transmittals were used and does not show in what way they were "other than essential to police business." Defendant does not know whether he should be prepared to meet one or more such communications; whether they deal with one or more subjects and whether they were transmitted by the same person to the same person or various combinations of different persons. The grand jury may have intended one or more particular communications and the Government may ignore those and present proof of other communications not contemplat-

ed by the grand jury. A verdict might be based upon different communications while the Court, in passing on the verdict, might have in mind other communications. These deficiencies cannot be cured by a bill of particulars. Russell v. United States, supra, 369 U.S. 770, 771, 82 S.Ct. 1038.

The motion to dismiss Count 2 is sustained.

Turner has moved for discovery and inspection and a bill of particulars. He seeks inspection of the Government's evidence, records, statements and other documents pursuant to Rules 16 and 17(c) F.R.Cr.P., which deal with subpoenas, and the principle of non-suppression announced in Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

Rule 16 appears to be the appropriate rule for pretrial discovery and inspection. This rule was approved by the Supreme Court after its decision in Brady v. State of Maryland, supra.

■ Defendant seeks to discover a list of all persons interviewed by federal agents in the course of their investigation. The Government answers that it does not have a list and that it is not required to compile a list. The request seeks the names of witnesses for and against the accused, which is not permitted by Rule 16, as well as information in "internal government documents." See United States v. Westmoreland, D.C., 41 F.R.D. 419 (S.D.N.Y.1967); United States v. Margeson, D.C., 261 F.Supp. 628.

These requests are denied.

■ Defendant also seeks copies of all statements made by such persons, or copies of the investigating agent's report or summary of the interview. This request is also denied. See Rule 16(b) F.R.Cr.P. 18 U.S.C. § 3500(a). United States v. Federman, D.C., 41 F.R.D. 339; Benefield v. United States, 5 Cir., 370 F.2d 912; United States v. Westmoreland, supra; United States v. Baker, supra.

Defendant also seeks a list of all persons who testified before the grand jury, plus a transcript of the testimony. This request is denied for the reasons given with respect to Requests No. 1 and 2.

Rule 16(a) (2) limits discovery of grand jury transcripts to testimony of the defendant himself. See Advisory Note to the Rule.

It is not necessary that testimony before the grand jury be recorded. McCaffrey v. United States, 10 Cir., 372 F.2d 482; United States v. Westmoreland, supra; United States v. Cianchetti, 2 Cir., 315 F.2d 584.

This request is denied.

Defendant also seeks to discover copies of all statements of reports of interviews of co-defendants, plus transcripts or statements of their grand jury testimony. Each defendant is entitled to inspect his own testimony and the statements made by him but he is not entitled to inspect the testimony of his co-defendants or to examine their statements unless they agree. United States v. Bailey, D.C., 262 F.Supp. 331; Benefield v. United States, 5 Cir., 370 F.2d 912.

This request is also denied.

Defendant seeks to discover copies of all statements or reports of interview of co-conspirators not named in the indictment, plus transcripts or statements of their grand jury testimony. This request is also denied for the reasons heretofore stated.

Defendant's request to discover reports of physical and mental examinations and scientific tests or experiments made in connection with this case is granted.

The requests made under Paragraph 7(a) through 7(m) are denied, except the Government does not oppose disclosing to defendant such records as it has in response to Requests 7(d), (f) and (i). United States v. Westmoreland, supra.

Defendant has also moved for a bill of particulars. Paragraph 1 asks for the date when the conspiracy was formed and the names of the conspirators. This request is denied except the Government will give defendant the name of each conspirator known or who hereafter becomes known.

The information sought in Paragraph 1(a) through 1(f) and Paragraphs 2 through 18(s) is denied, for the reason that these requests are requests for evidentiary matter and not for the details of the offense charged. United States v. Birrell, supra; United States v. Tucker, D.C., 262 F.Supp. 305.

Particulars as to the formation of the conspiracy have uniformly been denied. United States v. Kahaner, supra.

The motion for discovery and inspection made by Penney and adopted by Hendricks is denied for the reasons given in the discussion of the Turner motion dealing with the same subject, except the defendants may inspect and copy their own statements.

Eugene Malcolm McGovern moves to expunge his name from the indictment on the ground that in naming him as a co-conspirator without averring an overt act in furtherance of any conspiracy that he has been placed in a position of public scorn while being denied due process of law and without the opportunity to demonstrate his innocence or without a forum in which to be heard.

We must keep in mind in the consideration of this motion the well-recognized rule that if two or more parties enter into a conspiracy to violate the federal law and one of those parties commits one overt act in furtherance thereof, the offense is consummated. Now this Court, of course, is in great sympathy with this man if he had nothing to do with the alleged conspiracy set out in this indictment, but the Court cannot decide that question at this time because it has not heard any of the evidence.

The Court at this time is, therefore, constrained to overrule his motion.

Trial on the merits is set for October 2, 1967.

## MEMORANDUM AND ORDER

Defendant, James E. Turner, has filed a second motion for severance and separate trial and in support urged four separate grounds. The grounds relied upon in the second motion were also relied upon in the first motion (if the Court has interpreted them correctly) and were denied in the memorandum opinion filed on June 8, 1967.

Defendant asserts that he will be denied his constitutional rights under the Fifth and Sixth Amendments to the Constitution if he is put to a joint trial with defendants Penney and Hendricks. It is pointed out in the brief in support of the motion that Penney and Hendricks have convictions for violations of the Federal law relating to the illicit whiskey business while defendant Turner has been a law enforcement officer for a long time and the mere trial of the three at the same time—nothing else appearing—would prejudice Turner.

It is argued that Turner's counsel will be handicapped in the interrogation of prospective jurors and that if Penney and Hendricks take the stand the jury is likely to infer guilt by association. Judge Learned Hand spoke on this subject in 1944 in the case of United States v. Cohen, 145 F.2d 82, 95, 96 (C.C.A. 2) as follows:

> "That they (the defendants) may be convicted merely because of their association is possible, though it is certainly no more than a speculation to assume so; but there is no practical alternative except, as we have said, to give them immunity. The chance that a joint trial will not as to them be a fair trial, has to be balanced against the fact that it is a joint trial or none. Indeed, if we were to accept the argument, there would really be an end of trials for jointly conceived, or jointly executed, crimes, except in cases of the simplest character."

See: 8 Moore's Federal Practice, Second Edition, Rule 14, Para. 14.04 (Rules of Criminal Procedure).

■ A general rule is that persons indicted jointly should be tried together.

A proper balance in the interest of the public in avoiding multiplicity of lawsuits and the defendant obtaining a fair trial must be reached in granting or denying a motion for severance. Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 163, 4 A.L.R.2d 1193; 8 Moore's Federal Practice, Second Edition, Rule 14, Para. 14.02 (Rules of Criminal Procedure).

■ The better chance of acquittal, alone, of an accused if tried separately does not establish his right to a severance. Robinson v. United States, 93 U.S. App.D.C. 347, 210 F.2d 29, 32.

It is argued that if Penney and Hendricks do not take the stand and their criminal records are not made available to the jury, the defendant Turner will be denied the right to call witnesses vital to his defense. If Penney and Hendricks do not take the stand the jury is not likely to learn of their alleged criminal records. The Court is unable to determine at this time whether Penney and Hendricks will or will not take the stand. The Court was unable to so determine at the other hearing on the motion. As it recalls, one of counsel for one of the defendants stated that at that time he had not decided and would not decide until the proof was completed and the time was at hand for him to make a decision. One of counsel for the other defendant indicated here during this hearing that he would not decide whether his client would take the stand until the proof is completed for the Government.

We do not understand that the alleged sworn statements of Penney and Hendricks would be admissible as substantive evidence to prove facts. If admissible at all they would be admissible as admissions against interest or for impeachment purposes. The cited case of Washington v. State of Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (decided June 12, 1967), in the opinion of the Court, is distinguishable upon the facts and is not controlling of the case under consideration.

It is the opinion of the Court that the joint trial of defendant Turner with these

men will not deny him of his right to compulsory process for obtaining witnesses within the meaning of the Sixth Amendment.

It is also argued that if Penney and Hendricks fail to take the stand that Turner's attorney will be placed in the awkward position of arguing to the jury that if they had taken the stand their testimony would have been favorable to their client and unfavorable to themselves.

The rule announced in the case of United States v. McKinney, 379 F.2d 259 (C.A. 6, June 26, 1967), will be followed, and no attorney will be permitted to comment on the failure of any defendant to take the witness stand.

Having again given careful consideration to defendant's motion for a separate trial and believing that the circumstances shown in the record are insufficient to justify a severance, it is ordered that the second motion be, and same hereby is, denied. See: Kolod v. United States, 371 F.2d 983 (C.A. 10); Brown v. United States, D.C.Cir., 375 F.2d 310.