**UNITED STATES of America, Plaintiff,**

v.

**Eqbal AHMAD, Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**Eqbal AHMAD et al., Defendants.**

**Crim. Nos. 14886, 14950.**

United States District Court,
M. D. Pennsylvania.

Aug. 2, 1971.

See also D.C., 329 F.Supp. 292; D.C., 53 F.R.D. 194.

William S. Lynch, Deputy Asst. U. S. Atty., U. S. Dept. of Justice, Washington, D. C., and William M. Connelly, Sp.

Atty., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Addison Bowman, Washington, D. C., and J. Thos. Menaker, Harrisburg, Pa., for defendants.

### MEMORANDUM OPINION AND ORDER

HERMAN, District Judge.

Defendants have all moved for discovery and inspection under Rule 16 of the Federal Rules of Criminal Procedure.

In paragraph I of their motion they ask for,

"All written or recorded statements, and oral statements or confessions or admissions subsequently reduced to writing, or summarized in F.B.I., police, or other federal or state governmental reports, made *or adopted* [1] by any defendant or defendants, or copies thereof, within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence could become known to the attorney for the government. This request includes statements made to persons other than government agents at any time, provided the substance of such statements has been recorded or summarized in written form."

The government, substantially in the words of Rule 16(a), has agreed to permit each defendant to inspect and copy or photograph any of his *relevant* written or recorded statements or confessions or copies thereof within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorneys for the government. However, the government objects to the disclosure of any "adopted statements" or any statements not relevant to the charge before the court. The government's position here is well taken. However, each de-

---

1. Emphasis ours throughout unless otherwise indicated.

fendant is entitled to *all* of his own *relevant* statements made before trial regardless of to whom they were made or how they were obtained. *See* United States v. Crisona, 416 F.2d 107 (2d Cir. 1969). *Discovery of the foregoing shall be made available to defendants within thirty (30) days of this order.*

■ No defendant is entitled to have disclosed to him by the government statements of his co-defendants, co-conspirators, or other persons at this time, or pursuant to Rule 16. *See* United States v. Gardner, 308 F.Supp. 425 (S.D. N.Y.1969); United States v. Fassler, 46 F.R.D. 43 (S.D.N.Y.1968). Whether such statements should be disclosed to a defendant under the authority of the Jencks Act, 18 U.S.C. § 3500, will have to await the trial. Of course there is nothing to prevent the defendants from exchanging with each other their respective statements.

In paragraph II of their motion defendants ask for,

"All results or reports of physical or mental examinations and of scientific tests or experiments *arguable* [sic] *relevant* to this case, including but not limited to examination of any government witness, handwriting analyses and fingerprint comparisons."

■ It will be seen that this request is much broader than the discovery permitted by the rule.[2] The defendants are entitled to and the government is directed to permit the defendants, within thirty (30) days of this order, to inspect and copy or photograph all results or reports of physical or mental examinations and scientific tests or experiments *made*

*in connection with this case,* or copies thereof. United States v. Turner, 274 F.Supp. 412, 418 (E.D.Tenn.1967).

■ In paragraph III defendants ask for the "[r]ecorded testimony of any named or unnamed alleged co-conspirator before the grand jury in this case." This request is denied. *See* United States v. Burgio, 279 F.Supp. 843 (S.D. N.Y.1968); United States v. Turner, *supra*, 274 F.Supp. at 418. Each defendant is, of course, entitled to a copy of his own testimony before the grand jury or of any statements he may have made, but he is not entitled to the testimony of co-defendants unless they agree, and he is not entitled to the grand jury testimony of unindicted co-conspirators or witnesses except under certain circumstances when and if the said witness testifies at trial, as we hereinafter point out (para. X).

Defendants' citations for the authority on which their request here is based[3] all deal with the grand jury testimony of officers of corporations, ordered to be given to the corporate defendant. We cannot find the principle enunciated in those cases apposite here.

■ Under Rule 16(b) defendants seek a great number of things. In their paragraph IV they ask for "[a]ll tangible objects, books, papers, documents, maps and photographs in the possession of the government which *arguably* relate to this case. * * *" The rule provides for such discovery "upon a showing of materiality to the preparation of * * * [the] defense and that the request is reasonable."[4] We find, without further specific showing by the

---

2. Rule 16(a) (2): "* * * [R]esults or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government * * *."

3. United States v. Hughes, 413 F.2d 1244 (5th Cir. 1969); United States v. Zirpolo, 288 F.Supp. 993 (D.N.J.1968); United States v. American Oil Co., 286 F.Supp. 742 (D.N.J.1968).

4. Rule 16(b): "Other Books, Papers, Documents, Tangible Objects or Places. Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy

defendants (*See* Moore's Federal Practice-Cipes, Criminal Rules § 16.05[4], at 16–55 (2d ed. 1970)), that (as defendants particularize): (1) an inspection of the underground tunnels in Washington, D. C., mentioned in the indictment; (2) maps, diagrams or photographs of the tunnels; (3) all books, papers, documents or other printed matter relative to the subject matter of the indictment where such material is otherwise unavailable to the defendants and which are not "internal government documents" as described in Rule 16(b); (4) all letters, notes or other written communications or copies thereof made by the defendants; (5) all photographs used by the government for the purpose of identification or securing information about the defendants, where such photographs are not otherwise available to the defendants, are all material to the preparation of the defense and that the request is reasonable. United States v. Tanner, 279 F.Supp. 457 (N.D.Ill.1967); 1 Wright Federal Practice and Procedure: Criminal § 254 (1969). Therefore, as to all of the aforesaid items which are within the possession, custody or control of the government each defendant through his or her attorney may, within thirty (30) days of this order, inspect, copy or photograph; provided, however, that as to buildings or places which may involve federal installations the government may seek a protective order, as provided by Rule 16(e). In all other respects the requests in paragraph IV are denied.

■ Defendants' paragraphs V and VI may be considered together. In these two paragraphs defendants seek,

V. "Names and addresses of all persons who have knowledge pertaining to the case, or who have been interviewed by government agents in connection with the case."

VI. "Names and addresses of all persons known to the government who have knowledge of written or oral statements made by any of the defendants, or any named or unnamed alleged co-conspirators, which arguably pertain to the subject matter of this indictment."

Defendants advance no authority for such far-reaching discovery except the case of United States v. Hardy, Criminal No. 869–68, D.D.C., a second-degree murder case which, as far as we can find, was never adopted by any other jurisdiction and was never reported. We respectfully decline to follow the *Hardy* decision.

However, mindful of the ever-expanding criminal discovery rules and the proposed amendments to such rules, Dennis v. United States, 384 U.S. 855, 870–871, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); 1 Wright Federal Practice and Procedure: Criminal § 251 (1969), especially to Rule 16, which proposed amendment would, if adopted, add a subsection "(vi)"[5] au-

---

or photograph books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable. Except as provided in subdivision (a) (2), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses (other than the defendant) to

agents of the government except as provided in 18 U.S.C. § 3500."

5. "(*vi*) GOVERNMENT WITNESSES. *Upon motion of the defendant the court may order the attorney for the government to furnish to the defendant a written list of the names and addresses of all government witnesses which the attorney for the government intends to call at the trial together with any record of prior felony convictions of any such witness which is within the knowledge of the attorney for the government. Names and addresses of government witnesses shall not be subject to disclosure if the attorney for the gov-*

thorizing under certain circumstances the disclosure of the names of government witnesses, 48 F.R.D. 589 (1970), and considering the nature of this case, we will direct the attorneys for the government to submit to counsel for defendants 30 days before the date set for trial a list of the witnesses the government proposes to call at the trial. In all other respects the matters sought in paragraphs V and VI are denied.

In paragraph VII defendants ask for the "[w]ritten or recorded or summarized statements of all persons in paragraph [V] [6] the government does not plan to call as witnesses." This will be denied, except, of course, as to any information later shown by defendants to be of an exculpatory nature which is covered hereafter in connection with defendants' paragraph XI. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963). Paragraph VII, as stated, is not a reasonable request, apparently involving a detailed study by the government of what must be voluminous files of material completely irrelevant to this request. Defendants, likewise, have not shown that this requested material is needed to prepare the defense, nor have they given us any authority for this request.

■ In paragraph VIII defendants seek disclosure, thirty days before trial, of "[w]ritten or recorded or summarized statements of all persons * * * the government plans to call as witnesses. * * *" Defendants offer no authority for such a sweeping request and we know of none. Rule 16(b) specifically exempts this type of discovery except as provided

in the Jencks Act, *supra*, and that act provides that no statement in the possession of the United States which was made by a government witness other than the defendant shall be subject to subpoena, discovery or inspection until such witness has testified on direct examination at trial. This request is denied. The government has volunteered to disclose to defendants the material they seek here on the day prior to the day on which the witnesses testify. While, in our opinion, this is more than is required of the government; nevertheless, we believe that in a case as complex as this one appears to be and one in which the testimony appears to be extensive, the witnesses many, and the trial time long, it would expedite the trial and be fair to both the defendants and the government if the disclosure of this and all other Jencks Act material be made at least one week before the witness is called, and we urge the government to make such disclosure as far as can be reasonably done.

In paragraph IX defendants ask for,

"All FBI, Bureau of Prisons, and other governmental records, including records of federal, state, and local penal institutions, pertaining to the defendants, all named or unnamed alleged co-conspirators, and all other persons the government plans to call as witnesses in this case."

■ We find no authority requiring the disclosure of prison and other governmental records of *all* penal institutions concerning witnesses and, of course, each defendant should know his

ernment certifies that to do so may subject the witness or others to physical or substantial economic harm or coercion. Where a motion for discovery of the names and addresses of witnesses has been made by a defendant, the government may move the court to perpetuate the testimony of such witnesses in a hearing before the court or a United States magistrate, in which hearing the defendant shall have the right of cross-examination.

A record of the witness' testimony shall be made and shall be admissible at trial as part of the government's case in chief in the event the witness has become unavailable without the fault of the government or if the witness has changed his testimony." (All italics in original)

6. Paragraph V concerns: "All persons who have knowledge pertaining to the case, or who have been interviewed by government agents in connection with the case."

own criminal record, if he has any. Since there appears to be no conflict among any of the defendants they should all have ready access to the conviction records or the prison records of each other. Defendants acknowledge that there is no case law supporting their request except as to co-conspirators, and there they cite United States v. Tanner, *supra*, 279 F.Supp. at 471–472. In that case the court granted the motion of defendants to disclose the prior convictions of all defendants and co-conspirators whether named in the indictment or not, because such information could become relevant for cross-examination when and if the person whose conviction record is sought is called as a witness. The court pointed out that it could condition its order to provide that the government should turn this information over only as to those defendants and co-conspirators who testify and to do so only at trial, but seeing no harm, it was directed that the government supply the information at the time of the order of court on the motion; adding, of course, that it was not necessary to supply to a defendant his own prior record.

In the case of Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968), cert. denied, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149, the Court of Appeals found no error in the District Courts denial of a motion by defendant for the criminal record of all the witnesses in the case. *See also*, 8 Moore's Federal Practice-Cipes, Criminal Rules § 16.05 [4] (2d ed. 1970); 1 Wright Federal Practice and Procedure: Criminal § 254 (1969).

We shall deny defendants' motion in paragraph IX, except as to the F.B.I. criminal records of the defendants and the indicted co-conspirators, of which the government shall deliver copies to the defendants within thirty (30) days of this order.

 In paragraph X defendants ask for the "[t]ranscript of testimony of all persons who gave testimony before the grand jury pertaining to this case, and all records of the deliberations of the grand jury in this case." They cite Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); United States v. Bertucci, 333 F.2d 292 (3d Cir. 1964); United States v. Boyance, 329 F.2d 372 (3d Cir. 1964); and Fed.R.Crim.P. 6(e), all of which they acknowledge require a showing on behalf of defendants of a "particularized need" for the information. But defendants, failing in this motion to even *aver* a particularized need, further cite Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), which they read as relaxing the "particularized need" requirement.

In the *Dennis* case, however, the motion of the defendants was to examine only the grand jury testimony of four government witnesses [7], and the motion came during the trial and after the witnesses had completed their direct testimony. There, defendants made a showing of particularized need in that the grand jury testimony had been taken years before the trial; the grand jury witnesses were key witnesses at the trial, essential to the government's case; their testimony dealt with oral statements and was largely uncorroborated; two of the witnesses were accomplices, one was a paid informer and another had hostility toward defendants, and one had admitted on cross-examination that he had been mistaken about significant dates (at 872–873, 86 S.Ct. 1840). *Dennis*, however, goes on to say that *this* showing of particularized need goes far beyond the minimum required under Rule 6(e), and

---

7. It will be noted that in the instant case the request is for *discovery* before trial of testimony of *all* persons who testified before the grand jury whether they are to be trial witnesses or not, and defendants further seek the *records* of the *deliberations* of the grand jury.

cites United States v. Procter & Gamble Co., 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), for the proposition that the need to impeach a witness, refresh his recollection or to test his credibility are particularized needs where the secrecy of the grand jury proceedings may be lifted discreetly and limitedly. But, of course, this goes only to the testimony of the witness before the grand jury and not to the records of the deliberations, and the disclosure made only *after* the witness testifies at the trial.

We shall deny defendants' motion in paragraph X, but recognize their right to renew it at trial, if particularized need is shown.

In paragraph XI defendants ask for,

"All material known to the government or which through due diligence could be learned from the FBI or other government agents or prospective witnesses in this case which is arguably exculpatory in nature or favorable to the accused or which may lead to exculpatory material. * * * "

They then particularize some of the material sought as evidence that any of the defendants lacked knowledge of any of the acts alleged in the indictment; evidence "arguably" reflecting adversely on the credibility of any government witness including physical or mental examinations; evidence obtained from or relating to any government informants which is "arguably" exculpatory in nature; and the results of any eavesdropping or wiretapping which is "arguably" exculpatory in nature.

 Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) is the basic law in this field and requires the government on request, irrespective of the good or bad faith of the prosecution, to refrain from suppressing any evidence favorable to an accused where the evidence is material either to guilt or punishment (at 87). Subsequent cases have set down, to a limited extent, cer-

tain guidelines, but by no means have they completely spelled out the limits of this disclosure, nor when it should be made. *See* Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); United States v. Conder, 423 F.2d 904 (6th Cir. 1970); United States v. Fioravanti, 412 F.2d 407 (3d Cir. 1969); United States v. Keogh, 391 F.2d 138 (2d Cir. 1968); Barbee v. Warden, Maryland Penitentiary, 331 F.2d 842 (4th Cir. 1964). From these and other illuminating cases we find that it is the duty of the prosecutor to disclose exculpatory material which might not be evidentiary itself but which might provide leads to other evidence. It is his further duty to disclose such evidence which is "merely impeaching" of government witnesses. It is also the prosecutor's duty to use due diligence in obtaining from other government agencies such exculpatory evidence, for negligent non-disclosure violates due process.

 The duty on the prosecutor is a broad one and its extent is acknowledged by the government, but the prosecutor properly points out that the law does not require the immediate production of all exculpatory material, nor does it permit the defense to engage in a fishing expedition through all of the government's files. It seems true, as pointed out in 8 Moore's Federal Practice-Cipes, Criminal Rules § 16.06 [2] (2d ed. 1970), that if disclosure of some types of exculpatory evidence were delayed until trial it would not be early enough to enable defendants to make effective use of it, and in this situation it is likely that the late disclosure would violate due process. *See also* United States v. Cobb, 271 F.Supp. 159 (S.D.N.Y.1967). It is also true that defendants cannot be expected to be specific in advance in asking for exculpatory evidence that might not be known to them. On the other hand, the government cannot be held to strict accountability in advance for each bit of possible exculpatory evidence in its files, some of which might

only become of an exculpatory nature after defendants have revealed their defense. The need for full disclosure to insure fairness to the defendants and that due process is observed must be weighed against an insuperable burden on the prosecution in advance of trial. At least, exculpatory information having a material bearing on defense *preparation* should be disclosed well in advance of trial. 8 Moore's Federal Practice-Cipes, Criminal Rules § 16.06 [3] (2d ed. 1970), especially if such information is not Jencks Act material.

Here the government has acknowledged in its brief and oral argument that it is well aware of its obligation under Brady v. Maryland, *supra*, and its progeny, and that "it will provide any such material which comes into its possession to defendants' counsel *in sufficient time to be used by the defendants*." We take this to mean that such material bearing on the defense *preparation* will be supplied to the defendants thirty days prior to trial, and we so order.

We must assume that the government will conduct the prosecution fairly, and having been put on notice by the defense of the material sought, if the government fails to honor this request, even in good faith, it runs the risk of thus committing fatal trial error.

Having set forth above our view on the law in connection with defendants' paragraph XI, we need not pass individually on the specific requests, but deny *at this time* defendants' motion for this discovery, except as indicated above.

It is, of course, understood that defendants' motion is a continuing one, and where the court has herein ordered the government to make disclosure the government shall, likewise, disclose like information later coming to the attention of the United States Attorney.

■ After the Indictment to Criminal No. 14950 was handed down, defendants, additionally, ask to inspect, copy or photograph the following:

(a) Selective Service offices in Philadelphia, Rochester and Wilmington, Dover and Georgetown, allegedly entered in Count I;

(b) All photographs of said offices;

(c) All statements, writings, etc., allegedly left at Selective Service Board offices;

(d) All public statements, press releases and other evidence relating to "surfacings" in connection with alleged Selective Service Board actions.

This motion, as to (a), (b), and (c) is granted, but (d), which is equally available to defendants, is denied.