**STATE of Delaware**

v.

**Raymond C. TRAENKNER.**

Superior Court of Delaware,
New Castle.

Dec. 19, 1973.

Jeffrey M. Weiner, Deputy Atty. Gen., for State of Delaware.

H. Bennett Carr and Robert F. Stewart, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant, Raymond C. Traenkner.

## OPINION

CHRISTIE, Judge.

This is a motion by Raymond C. Traenkner, one of five defendants named in a five-count indictment,[1] for discovery and for a bill of particulars.

In paragraph 2(a) of his motion defendant requests:

"All books, papers, documents and tangible objects, or copies or portions thereof which are known by the Attorney General to be within the possession, custody or control of the State and which the State plans to offer into evidence at the trial of this indictment[.]"

Defendant relies upon Criminal Rule 16(b), Del.C.Ann., which provides in pertinent part:

"Upon motion of a defendant the court may order the Attorney General to permit the defendant to inspect and copy or photograph designated books, papers, documents, tangible objects, buildings or places, or copies or portions thereof which are within the possession, custody or control of the State, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable."

1. Defendant is charged with having been an accessory after the fact of burglary in the fourth degree in violation of 11 Del.C. § 103.

It is the State's position that defendant's request should be denied inasmuch as it fails to sufficiently designate the items sought and because there has been no showing of materiality and reasonableness.

■ In general terms, Rule 16(b) provides for the discovery and inspection of books, papers, documents and tangible objects which are within the possession of the State. However, because of the breadth with which the discoverable items are described, the rule imposes several limitations upon the defendant. First, defendant must designate those items which he wishes the State to produce. Second, defendant must make a showing that the items which he seeks may be material to the preparation of his defense. And, third, defendant must demonstrate that his request is reasonable.

Defendant points out that he has not made a blanket request for everything in the State's files but rather has specifically limited his request to those items, listed as discoverable under Rule 16(b), which the State intends to introduce into evidence at trial. Defendant contends that the designation he has made satisfies the designation requirement of Rule 16(b) and that it would be impossible for him to more specifically designate items as to which he has no knowledge.

Defendant also asserts that he has satisfied the materiality and reasonableness requirements by limiting his request to items which the State intends to offer into evidence at trial. Defendant would, in effect, have the Court rule that any and all tangible objects which are potentially discoverable under Rule 16(b) and which the State plans to introduce into evidence at trial are automatically material to the preparation of the defense and that it is not unreasonable to require the State to produce all such items prior to trial.

The requirements set forth in Criminal Rule 16(b), i.e., designation, materiality, and reasonableness, cannot be presumed to have been included without reason. The Advisory Committee Notes to the 1966 Amendment to Federal Criminal Rule 16(b) [2] indicate, for examule, that the reasonableness requirement "will permit the court to define and limit the scope of the government's obligation to search its files while meeting the legitimate needs of the defendant."

■ One of the major purposes of the designation requirement is to facilitate the Court's determination of whether or not the items sought are material and whether or not the request is reasonable. A blanket request for all government papers and documents which the State plans to introduce into evidence must be denied, despite the burden imposed upon a defendant of specifying with more particularity papers and documents in the State's possession which he may not have seen, inasmuch as the Court cannot rule on the materiality and reasonableness requirements without first knowing what papers and documents are being sought.[3]

---

**2.** The Advisory Committee Notes are printed in 18 U.S.C.A. following Federal Criminal Rule 16.

Delaware Criminal Rule 16(b) has been compared by both parties to its federal counterpart. This comparison is valid in the absence of relevant Delaware case law. However, the two rules are not identical. Federal Criminal Rule 16(b) provides, in pertinent part:

"Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, . . . which are with-

in the possession, custody or control of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable."

One significant difference between Delaware Criminal Rule 16(b) and the federal rule is that the latter does not have a specific requirement that the defendant designate the items which he seeks to inspect.

**3.** It is noted that the ABA Project on Standards for Criminal Justice, Discovery and Procedure Before Trial, Approved Draft, 1970, § 2.1(a)(4) provides for the pretrial disclosure of "any books, papers, documents, photographs, or tangible objects, which the prosecuting at-

Although the designation requirement has been eliminated from Federal Criminal Rule 16(b), Delaware's Criminal Rule 16 expressly requires that a defendant designate the items which he seeks to inspect.

I find that in this case the designation is not specific enough to meet the requirements of the rule. Furthermore, defendant has failed to meet the other requirements of Criminal Rule 16(b). General allegations as to the materiality and reasonableness of his request are simply not adequate under the circumstances. United States v. Conder, 6th Cir., 423 F.2d 904 (1970).

I, therefore, will deny the discovery sought in paragraph 2(a) of defendant's motion.

In paragraph 2(b) of his motion for discovery pursuant to Criminal Rule 16(b), defendant requests:

"All books, papers, documents and tangible objects obtained voluntarily by seizure and/or by process from or belonging to defendant Traenkner, any co-defendant, and any other person or corporation, whether or not such person or corporation, through its duly authorized agent or representative may be called as a witness[.]"

As was indicated earlier, defendant must not only designate the items which he seeks to inspect, but he must also show that they may be material to the preparation of his defense and that his request for them is reasonable.

Prior to the 1966 Amendment, Federal Criminal Rule 16 provided as follows:

"Upon motion of a defendant . . . the court may order the attorney for the government to permit the defendant to inspect . . . designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. . . ."

As the Advisory Committee Notes, *supra*, indicate, it was the intent of the amended rule to expand the scope of the former rule. The Delaware Criminal Rule 16 has gone through a corresponding evolution. While the language of Delaware Criminal Rule 16(b) no longer expressly refers to papers and documents obtained from the defendant and from others, such documents are, of course, now discoverable under the broader language of Criminal Rule 16(b) provided the defendant sufficiently designates the items which he seeks to inspect [4] and provided further that he make the required showing of materiality and reasonableness.

Paragraph 2(b) of defendant's motion does not designate any particular document or object but rather seeks all documents and objects within the State's files which have been obtained from defendant and others. Although these items may have been accumulated in the course of the State's investigation in connection with the case against defendant, there has been no showing that they are or may be material to the preparation of the defense. Furthermore, it may be unreasonable to require the State to search through its files for all of these items despite the fact that some or all of them may not even be used against the defendant at trial.

Although it may be difficult for a defendant to specify which papers, documents, and objects he seeks to inspect, dis-

---

torney intends to use in the hearing or trial . . . [.]" While these standards are not authoritative in this State under the wording of Criminal Rule 16(b), they do indicate a recognition of the problem and a trend in suggested solutions.

4. As noted earlier, the designation requirement continues to exist under the Delaware Rule notwithstanding its elimination from Federal Rule 16(b).

covery in criminal cases is still a very limited right. In the case before the Court it is impossible for the Court to make a determination as to the materiality and reasonableness of his request without a more specific designation of the items sought. United States v. Smith, E.D.Ill., 209 F. Supp. 907 (1962); United States v. Hedburg, D. South Dakota, 217 F.Supp. 711 (1963). Defendant's request is therefore denied.

■ Paragraph 2(c) of defendant's motion for discovery requests:

> "All information and material within the possession, custody or control of the State, the existence of which is known, later becomes known or by the exercise of due diligence may become known, to the State, which is exculpatory or favorable to defendant Traenkner or which might be of assistance (whether directly or as a lead) to him in the defense of this case."

Defendant contends that he has a constitutional right under the due process clause of the Fourteenth Amendment to obtain this type of evidence from the State. Defendant relies primarily upon the case of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), wherein the United States Supreme Court (373 U.S. at page 87, 83 S.Ct. at page 1196) held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

In a recent case the Supreme Court restated its hold in Brady v. Maryland, *supra*:

> "The heart of the holding in Brady is the prosecution's suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material ei-

ther to guilt or to punishment." Moore v. Illinois, 408 U.S. 786, 794, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706, 713 (1972).

The State does not take issue with its duty under the due process clause to disclose "Brady material" to the defendant but rather it takes the position that the duty to make such disclosures does not arise during pretrial discovery. The State contends that the majority of the federal courts has held that Brady v. Maryland does not create any pretrial discovery rights.

In United States v. King, S.D.N.Y., 49 F.R.D. 51 (1970) for example the Court stated (at page 53):

> "As for exculpatory material, the Government's responsibility arises at trial, after the issues and the Government's proof have crystalized. Brady v. Maryland . . . does not entitle a defendant to a general right of pretrial discovery."

It is noted that the standards proposed by the American Bar Association would require the prosecuting attorney to disclose, prior to trial, "any material or information within his possession or control which tends to negate the guilt of the accused as to the offense charged or would tend to reduce his punishment therefore." A.B.A. Project on Standards for Criminal Justice, Discovery and Procedure Before Trial, Approved Draft, 1970, § 2.1(c). These standards have not been adopted in Delaware, however, and are, therefore, not controlling at this time.

Most federal courts which have ruled on the issue have held that a defendant may not move for "Brady material" until after the prosecution has presented its case-in-chief. 13 Bender's Forms of Interrogatories, Criminal Discovery § 8.12(2)(a). Defendant asserts, however, that it may be too late for him to effectively utilize certain exculpatory material if he is prevented from discovering it prior to trial. It was

noted in United States v. Ahmad, M.D.Pa., 53 F.R.D. 186 at page 193 (1971), that "if disclosure of some types of exculpatory evidence were delayed until trial it would not be early enough to enable defendants to make effective use of it, and in this situation it is likely that the late disclosure would violate due process."

There is no established procedure, however, by which this type of evidence, i. e., that which must be produced prior to trial if it is to be effectively used by a defendant, can be identified prior to trial. The defendant is in no position to make such a specification as he may have no knowledge of what evidence is in the State's possession. Similarly, under some circumstances the State cannot be expected to produce all exculpatory evidence contained in its files until it first knows what defenses will be asserted at trial.[5]

While the majority of the federal courts has held that the Brady case, supra, does not grant pretrial discovery of exculpatory evidence, it has been suggested that exculpatory information having a material bearing on defense preparation—e. g., suggestive of affirmative defense theories such as insanity or self-defense—should be disclosed well in advance of trial. 8 Moore's Federal Practice par. 16.06(2).

The motion for pretrial discovery based on Brady rule rights is denied since Criminal Rule 16 does not provide for such discovery and due process under the Brady rule does not per se require pretrial discovery. The Court will not here attempt to outline what remedies would be available to a defendant if Brady revelations at trial indicate the existence of evidence which defendant wishes to use in his defense but which cannot be presented without delay because the existence of such evidence was unknown until trial.

■ Pursuant to Criminal Rule 7(f), defendant by way of a bill of particulars seeks answers to questions he was submitted in connection with the indictment. The State does not object to the motion to the extent that it requests pertinent dates and locations,[6] but it does resist all of the other questions on the ground that defendant seeks to learn the evidentiary detail of the State's case rather than to obtain essential information that will help him in the preparation of his defense.

Paragraph (c) of defendant's motion requests "[t]he names and addresses of each person present when the State contends defendant Traenkner committed the acts charged . . .." The State contends

---

5. Addressing itself to this question in United States v. Cobb, S.D.N.Y., 271 F.Supp. 159 (1967), the court (at page 163) stated, "[T]he question of whether certain evidence is 'exculpatory', like that of what evidence is 'relevant', is frequently a matter of opinion, which can be resolved only in the light of all other evidence introduced at trial. Although it has been suggested by some that the question should be resolved by requiring the Government to submit all possible exculpatory evidence to the Court for *in camera* examination before trial, see United States v. Gleason [S.D.N.Y., 265 F.Supp. 880 (1967)], this proposal, quite aside from the intolerable burden that might be heaped upon the Court in some cases, offers no real solution, for the reason that the Court may be less knowledgeable than the parties, particularly in criminal proceedings presenting complicated issues, and

as the Supreme Court recently noted in cautioning against such a procedure in determining the extent to which Grand Jury minutes should be disclosed 'The determination of what may be useful to the defense can properly and effectively be made only by an advocate', Dennis v. United States, 384 U.S. 855 at 875, 86 S.Ct. 1840, at 1851, 16 L.Ed.2d 973 (1965)."

6. The State does not resist the following requests by defendant:
   "(a) The exact date or dates on which the acts charged against defendant Traenkner in Count 111 took place if other than February 22, 1973;
   (b) The exact addresses or specific locations of all places in the County of New Castle where the State contends defendant Traenkner committed the acts charged in Count 111."

that this is, in effect, a request for a list of the State's witnesses, which the State is not required to produce.

Defendant, confronted with numerous authorities, e. g., United States v. Manetti, D.Del., 323 F.Supp. 683, 696 (1971), concedes that he is not entitled to the names and addresses of all witnesses the government intends to call at trial. He contends, however, that he is nevertheless entitled to know the identity of the participants in the acts which he is alleged to have committed. To the extent that the State has this information, the defendant is entitled to it. United States v. Manetti, *supra.*

Paragraphs (d) and (e) of the motion request "all facts upon which the State relies for its contention" that the defendant knew a burglary had been committed by defendant Kwiatkowski.[7] Paragraphs (f), (g) and (h) request all of the facts which the State contends shows that the defendant assisted Kwiatkowski, hindered his apprehension, and was an accessory after the fact.

One purpose of a bill of particulars is "to fill any gap between the facts disclosed by the indictment and that 'set of facts' which will permit him the opportunity of preparation [of a defense]." United States v. Manetti, *supra,* at page 696.

Although defendant is entitled to learn those essential facts as to the charge, his motion seems to seek all of the facts which the State has gathered in connection with its own investigation. The motion for a bill of particulars is denied, except that the State is required to inform defendant of the names and addresses of those persons, if any such are known to the State, who actually participated in the acts which defendant is alleged to have committed.

An appropriate order should be presented on notice by defendant.

---

7. Having been charged with burglary in the second degree, Kwiatkowski was one of defendant Traenkner's four co-defendants prior to severance.