UNITED STATES of America, Plaintiff,

v.

AEROQUIP CORPORATION, Anchor Coupling Co., Inc., Imperial-Eastman Corporation, National Hose Assemblies Manufacturers Association, Parker-Hannifin Corporation, Stewart-Warner Corporation, Stratoflex, Inc., the Weatherhead Company, George P. Byrne, Jr., William F. Rogge, C. A. Thomas and Augustus S. Wade, Defendants.

Crim. No. 41312.

United States District Court
E. D. Michigan, S. D.

Dec. 15, 1966.

Maxwell F. Badgley, Badgley, Domke, Morrison, McVicker & Marcoux, Jackson, Mich., Jesse L. Climenko, Shea, Gallop, Climenko & Gould, New York City, Harrison T. Watson, Local Counsel, Watson, Lott & Wunsch, Detroit, Mich., for Aeroquip Corp.

Harrison T. Watson, Watson, Lott & Wunsch, Detroit, Mich., for William F. Rogge.

Patrick W. O'Brien, Leo F. Tierney and William A. Wineberg, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., A. Stewart Kerr, Local Counsel, Sweeny, Dodd, Kerr, Wattles & Russell, Detroit, Mich., for Anchor Coupling.

Edward H. Hatton, Robert L. Bombaugh, Raymond, Mayer, Jenner & Block, Chicago, Ill., William R. Bryant, Jr., Local Counsel, Watson, Lott & Wunsch, Detroit, Mich., for Imperial-Eastman.

John A. Sullivan, P. Jay Flocken, and Robert J. Semrad, Cadwalader, Wickersham & Taft, New York City, William R. Bryant, Jr., Local Counsel, Watson, Lott & Wunsch, Detroit, Mich., for National Hose Assemblies Manufacturers Association and George P. Byrne, Jr.

William D. Ginn, John F. McClatchey, Thompson, Hine & Flory, Cleveland, Ohio, William R. Bryant, Jr., Watson, Lott & Wunsch, Detroit, Mich., for Parker-Hannifin.

Earl A. Jinkinson, John W. Stack, Winston, Strawn, Smith & Patterson, Chicago, Ill., Robert C. Winter, Local Counsel, Clark, Klein, Winter, Parsons & Prewitt, Detroit, Mich., for Stewart-Warner Corp.

Cecil E. Munn, Edward Kemble, Cantey, Hanger, Gooch, Cravens & Scarborough, Fort Worth, Tex., John Feikens, Local Counsel, Feikens, Dice, Sweeny & Sullivan, Detroit, Mich., for Stratoflex Inc. and C. A. Thomas.

Bruce W. Eaken, Victor H. DeMarco, George H. Rudolph, Jones, Day, Cockley & Reavis, Cleveland, Ohio, William R. Bryant Jr., Local Counsel, Watson, Lott & Wunsch, Detroit, Mich., for Weatherhead and Augustus S. Wade.

Dwight B. Moore, David G. Budd, Great Lakes Field Office, Anti-Trust Dept., Dept. of Justice, Cleveland, Ohio, Lawrence Gubow, U. S. Dist. Atty., Detroit, Mich., for the Government.

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART CORPORATE DEFENDANTS' MOTIONS TO INSPECT GRAND JURY TESTIMONY OF OFFICERS, DIRECTORS and EMPLOYEES.

MACHROWICZ, District Judge.

This is a criminal anti-trust matter which was initiated on January 14, 1965 upon the filing of an indictment against seven corporate defendants, a trade association and four natural defendants charging an unlawful conspiracy in restraint of trade. Motions were made by each of the corporate defendants to inspect the grand jury testimony of their respective officers, directors and employees, pursuant to Rule 16(a) (3) of the Federal Rules of Criminal Procedure. These motions were opposed by the government primarily on the grounds that Rule 16(a) (3) did not apply to corporate defendants. Briefs were filed and the matter came on for hearing, at which time counsel arguing the motion on behalf of the corporate defendants stated his intention to expand the motions as

filed to include a claim of "particularized need."

The first question presented by these motions is whether Rule 16(a)(3) applies to corporate defendants. This provision together with other amendments to Rule 16 of the Federal Rules of Criminal Procedure, made effective July 1, 1966, vastly enlarged the scope of pretrial discovery available on criminal matters. Rule 16(a) and (b), as amended, reads as follows:

(a) *Defendant's Statements; Reports of Examinations and Tests; Defendant's Grand Jury Testimony.* Upon motion of a defendant the court may order the attorney for the government to permit the defendant, to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, (2) results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and (3) recorded testimony of the defendant before a grand jury.

(b) *Other Books, Papers, Documents, Tangible Objects or Places.* Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable. Except as provided in subdivision (a)(2), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. Sec. 3500.

It is evident from the above-quoted language of the rule itself that its applicability or non-applicability to corporate defendants is not unequivocally set forth. The Advisory Committee Note accompanying amended Rule 16 is not helpful in resolving this particular question. It reads in pertinent part:

The court is authorized to order the attorney for the government to permit the defendant to inspect and copy or photograph three different types of material: * * *

(3) Relevant recorded testimony of a defendant before a grand jury. The policy which favors pretrial disclosure to a defendant of his statements to government agents also supports, pretrial disclosure of his testimony before a grand jury. Courts, however, have tended to require a showing of special circumstances before ordering such disclosure. See, e. g., United States v. Johnson, 215 F.Supp. 300 (D.Md. 1963). Disclosure is required only where the statement has been recorded and hence can be transcribed.

It should also be observed that the cloak of secrecy which has historically surrounded grand jury proceedings has not been abrogated but is presently codified in Rule 6(e) which reads as follows:

*Secrecy of Proceedings and Disclosure.* Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, op-

erator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of a defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. * * *

This rule requires that disclosure of grand jury proceedings to anyone other than government attorneys may be made only pursuant to a court order. Rule 16 (a) (3) authorizes the court to order disclosure to a defendant of his grand jury testimony as a matter of right, in addition to other circumstances under which a court would be authorized to lift the cloak of grand jury secrecy.

Although the question of whether Rule 16(a) (3) applies to corporate defendants can be simply stated, it is not susceptible of a correspondingly simple answer. Defendants cite the recent cases of Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966) and Nat'l Dairy Products Corp. v. United States, 384 U.S. 883, 86 S.Ct. 1913, 16 L.Ed.2d 995 (1966) in support of their motions filed herein. The Dennis case involved conspiracy charges against several natural defendants who sought and were denied access to the grand jury testimony of government witnesses *after* they had testified at a second trial. (A previous trial resulting in defendants' conviction had been set aside, and the same witnesses who had testified therein were called again to testify.) The Supreme Court held that defendants had made a very substantial showing of particularized need under the circumstances and hence were entitled to inspect the requested grand jury testimony *for purposes of impeachment* and to do so while the witnesses were available for cross-examination. A similar situation was involved in the National Dairy case where the Su-

preme Court vacated the judgment and remanded for further consideration in the light of the Dennis decision. It might be noted that the moving party in National Dairy was a corporate defendant which sought the grand jury testimony, again for purposes of impeachment, of its officers and employees who had already testified at the trial on behalf of the government.

Defendants underscore certain language used in the Dennis decision which they claim supports their present motions.

These developments are entirely consonant with the growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice. This realization is reflected in the enactment of the so-called Jencks Act, 18 U.S.C. § 3500, responding to this Court's decision in Jencks v. United States, 353 U.S. 657, 70 S.Ct. 1007, 1 L.Ed.2d 1103, which makes available to the defense a trial witness' pretrial statements insofar as they relate to his trial testimony. It is also reflected in the expanding body of materials, judicial and otherwise, favoring disclosure in criminal cases analogous to the civil practice. 384 U.S. at 870–871, 86 S.Ct. at 1849.

A conspiracy case carries with it the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants. * * * In these circumstances, it is especially important that the defense, the judge and the jury should have the assurance that the doors that may lead to truth have been unlocked. In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact. Exceptions to this are justifiable only by the clearest and most compelling considerations. 384 U.S. at 873, 86 S.Ct. at 1851.

Taken alone, this language might be read as sweeping away all prior requirements of grand jury secrecy. However, the Su-

preme Court was careful in its opinion to acknowledge the continued existence of such traditional requirements.

This Court has recognized the 'long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts.' * * * And it has ruled that, when disclosure is permitted, it is to be done 'discretely and limitedly.' * * * Accordingly, the Court has refused in a civil case to permit pretrial disclosure of an entire grand jury transcript where the sole basis for discovery was that the transcript had been available to the Government in preparation of its case. * * * And, * * * the Court su..tained a trial court's refusal to order disclosure of a witness' grand jury testimony where the defense made no showing of need, but insisted upon production of the minutes as a matter of right, and where there was 'overwhelming' proof of the offense charged without reference to the witness' trial testimony. 384 U.S. at 869, 86 S.Ct. at 1849.

Whatever assistance the *Dennis* decision may afford in determining whether defendants have made out a persuasive case of 'particularized need', to be discussed infra, it provides little guidance in our attempts to determine whether Rule 16(a) (3) requires *pre-trial* discovery to corporate defendants of their officers', directors' and employees' grand jury testimony. The Court has been advised that this latter issue has been determined in four decisions since the July 1, 1966 effective date of the amended rule. These decisions will be summarized briefly.

In United States v. United Concrete Pipe Corp., Crim. No. 3–690, N.D.Texas, Sept. 16, 1966, the court held that under Rule 16(a) (3), a corporate defendant is entitled, without a showing of particularized need, to inspect the grand jury transcripts of testimony of its officers, but not of employees who are not officers.

In United States v. Venn, Crim. No. 65–535–CR–TC, S.D.Fla., Oct. 12, 1966, the court ordered disclosure of the grand jury testimony of all officers, directors, agents and employees, but not former employees, of the corporate defendants. The court's order indicated that its ruling was predicated upon the inherent power of the court to direct a fair and expeditious trial, Rules 6(e) and 16(a) (3) of the Federal Rules of Criminal Procedure, and the *Dennis* decision. The order also provided that the government should advise the defendants at the end of each trial day of the names of witnesses to be called the following day and to make the grand jury testimony of such witnesses available at that time for inspection by opposing counsel.

United States v. Socony Mobil Oil Co., Crim. No. KC–CR–873, D.C.Kan., Aug. 24, 1966, involved a corporate defendant's request to inspect the grand jury testimony which its employee, Thomas Masterson, had given before grand juries in Kansas and Missouri. The District Court in Kansas ordered inspection of Masterson's grand jury testimony, given both in Kansas and in Missouri, pursuant to Rules 6(e) and 16(a) (3) and also upon a specific finding of particularized need. The order provided that the production of the Missouri grand jury testimony was subject to the approval of the Missouri district court.

However, upon application to the Missouri court, in United States v. American Oil Co., Crim. No. 65–CR–150(3), E.D. Mo., Aug. 26, 1966, the court refused to order disclosure of Masterson's grand jury testimony taken in connection with a criminal matter separate and distinct from the one pending in Kansas. The court's reasons for its refusal were (1) that Rules 6(e) and 16 do not require disclosure to a corporate defendant of the grand jury testimony of its employee, who is not an officer, no matter how material his testimony as a witness may be and (2) that the court had no authority to order disclosure of grand jury testimony when sought in connection with a matter pending in a different court. However, the court did order the govern-

ment to make the transcript available to the Kansas court so that it could make such disposition thereof as it deemed advisable. Thereafter, on October 19, 1966, upon reconsideration, the Kansas court decided that its earlier order was erroneous insofar as it directed the government to produce Masterson's Missouri grand jury testimony.

The conflicting results in these four cases demonstrate the confusion which surrounds the interpretation of Rule 16 (a) (3). The government concedes that the testimony of corporate representatives who appeared before the grand jury in response to a subpoena *duces tecum* directed to the corporation itself should be made available to the respective corporate defendants. It contends, however, that testimony presented by individuals in response to subpoenas directed to them personally is *not* the testimony of the corporate defendants within the meaning of Rule 16(a) (3) inasmuch as all witnesses who testify before grand juries in anti-trust matters are granted immunity from prosecution and never can become defendants in connection with any criminal anti-trust matter to which they offer testimony. 15 U.S.C. Sec. 32. This immunity does not extend to a corporation. United States v. Detroit Sheet Metal & Roofing Contractors Ass'n, 116 F.Supp. 81 (D.C.Mich.1953).

The government also argues that grand jury secrecy is especially important in cases such as the one at bar in order to encourage witnesses before a grand jury to testify freely and candidly without fear of disclosure and possible reprisals or intimidation. However, affidavits filed by the great majority of witnesses whose testimony is being sought herein indicate that these witnesses not only have no apparent fear of reprisals, but actually disclose an affirmative desire on their parts that their testimony be revealed.

■ The court realizes that a corporation, as an artificial entity, can only be held liable, either criminally or civilly, through acts of its agents or representatives, and it actually matters not what their official capacity may be. Nevertheless, the court adopts a limited construction of Rule 16(a) (3) to permit at this time, as a matter of right, pre-trial disclosure to a corporate defendant only of the grand jury testimony of corporate officers, who were officers at the time they so testified and of individuals who testified before the grand jury in response to subpoenas *duces tecum* directed to the corporation.

■ This decision is not to be read as precluding disclosure of other grand jury testimony either before or at the trial itself. However, the question then becomes whether such disclosure should be required in the interests of justice or upon a showing of particularized need. In the case at bar, none of the defendants has presented a convincing case of such particularized need at the present time. Mere contention, as raised in these proceedings, that the memory of grand jury witnesses has faded is not in itself sufficient to overcome the policy of grand jury secrecy. The contention that all the information recorded in the grand jury proceedings constitutes a huge storehouse of relevant data which has been in the exclusive possession of the government for many years is also not sufficient to require wholesale pre-trial disclosure of such information at this time. While the amendments to Rule 16 and the *Dennis* decision have substantially liberalized the extent to which pre-trial discovery is available in criminal matters, such discovery is still not equivalent to that available in civil matters. If during the progress of this case matters develop which present more compelling reasons to order further discovery of the grand jury testimony, the court will entertain new motions based upon these subsequent developments and will determine them upon the then existing circumstances.

An order may be presented for entry in accordance with the directions set forth in this opinion which shall provide that

the grand jury testimony whose inspection is permitted by the Court shall not be disclosed by counsel for the defendants to anyone except insofar as it may be necessary to prepare for and assist in the prosecution or defense of this action and for no other reason and that all persons to whom such testimony is shown or to whom information contained therein is disclosed are ordered to treat such testimony, or the information contained therein, as confidential and not to be copied by or disclosed to anyone.