**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert E. COTE, Defendant-Appellant.**
**No. 72–2417**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 6. 1972.

Rehearing Denied Jan. 15, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

George Grove, Jr., Beverly Hills, Cal., for defendant-appellant.

Frank McCown, U. S. Atty., Alex H. McGlinchey, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Robert E. Cote pled guilty to four counts of mailing obscene films, magazines and circulars in violation of 18 U.S.C. § 1461. On this appeal he seeks to have his pleas and the judgment of the court below set aside, contending that the mailed materials were not obscene as a matter of law and that 18 U.S.C. § 1461 is unconstitutional. We affirm.

At the outset we reject as without merit his attack on the validity of the statute. That his argument based on Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), has no merit is made apparent by the more recent decisions of United States v. Thirty-seven Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971), and United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971). Nor is the statute subject to attack under the other numerous theories advanced by the appellant. *See* Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31; reh. den. 384 U.S. 934, 86 S.Ct. 1440, 16 L.Ed. 2d 536 (1966).

Cote's remaining contention that the mailed material is not obscene as a matter of law is equally without merit. While represented by retained counsel unusually experienced in these matters, Cote pled guilty. Thus, he admitted each and every averment of the indictment. United States v. Fragus, 422 F.2d 1244, opinion supplemented 428 F.2d 1211 (5th Cir. 1970). We further note that at the time this plea was received, the careful trial judge pointed out that it was his opinion such a plea would finally and completely determine the issue of obscenity vel non of the material.

Affirmed.