**UNITED STATES of America,**
**Plaintiff,**

v.

**Erwin Gustav LANG, also known as Ed Lang, and Panupubco, a California corporation, formerly known as Elysium, Inc., et al., Defendants.**

**No. 10712–HP–CD.**

United States District Court,
C. D. California.

July 18, 1973.

William D. Keller, U. S. Atty., by Chester Brown, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Stanley Fleishman, Hollywood, Cal., for defendants.

## MEMORANDUM AND ORDER DISMISSING INDICTMENT

PREGERSON, District Judge.

This matter came before the court on July 9, 1973 for a hearing on defendants' motion to dismiss the indictment, and for a hearing on other matters.[1]

The indictment, which was returned on October 8, 1971, accuses the defendants of violating 18 U.S.C. § 1461 by placing obscene matter in the United States mails.[2]

The accused matter was mailed on June 30, 1971. At that time, the standard definition of obscenity was embodied in the three-pronged test formulated in Memoirs v. Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), and in obscenity prosecutions—until June 21, 1973—federal juries had been instructed accordingly. *See* 1 Devitt & Blackmar, Federal Jury Practice and Instructions § 41.03 et seq. (2d ed. 1970).

On June 21, 1973, in Miller v. California, —— U.S. ——, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the *Memoirs* formulation was shelved[3] and the legal

---

1. Also before the court are defendants' motion for a bill of particulars, and the government's request that the court, on its own motion, transfer the case to the Southern District of Iowa where the indictment was returned. The government contends that the case must be re-transferred to Iowa because Miller v. California, —— U.S. ——, ——, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), mandates that "community standards" not "national standards" be used to judge obscenity, and only an Iowa jury can properly apply "Iowa community standards." In light of the court's ruling that the indictment must be dismissed, these matters are moot and will be removed from the court's calendar.

2. After two defendants pleaded guilty, this case was ordered transferred to this district on July 6, 1972 pursuant to F.R. Crim.P. 21(b). On motion of defendants and, later, by stipulation, this matter was continued on this court's calendar for approximately 9 months awaiting the Supreme Court's decision in a group of obscenity cases. Those decisions were announced by the Court on June 21, 1973. Miller v. California, —— U.S. ——, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Parish Adult Theatre I v. Slaton, —— U.S. ——, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); United States v. Orito, —— U.S. ——, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); Kaplan v. California, —— U.S. ——, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973); United States v. 12 200-Ft. Reels of Super 8mm. Film, —— U.S. ——, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973).

3. In *Miller* Chief Justice Burger observed that, "[N]o member of the Court today supports the *Memoirs* formulation." —— U.S. at ——, 93 S.Ct. at 2614.

definition of obscenity was substantially changed.[4]

In June of 1971, when the defendants mailed the accused matter, it is fair to assume they gauged their product against the now defunct *Memoirs* obscenity test which required, *inter alia,* that the material be *"utterly* without redeeming social value." Memoirs v. Massachusetts, *supra,* 383 U.S. at 419, 86 S.Ct. 975 (emphasis in original). In *Miller,* Chief Justice Burger writing for the majority noted that this requirement is "a burden virtually impossible [for the prosecution] to discharge under our criminal standards of proof." [5] —— U.S. at ——, 93 S.Ct. at 2613. Consequently, in 1971, when the accused matter was placed in the mailbox, a successful prosecution of the defendants for violating § 1461 was "virtually impossible."

■ The newly formulated *Miller* test eases the prosecution's burden, and enhances the likelihood of successful prosecution. The new test simply requires that the prosecution show, *inter alia,* that "the work, taken as a whole, lacks *serious* literary, artistic, political, or scientific value." *Miller, supra,* —— U.S. at ——, 93 S.Ct. at 2615 (emphasis added). In short, the Court's new test substantially changes the law of obscenity, and as a general proposition now makes it easier to convict the defendants. Therefore, to prosecute defendants under the judicially devised *Miller* definition of obscenity and to instruct the jury on it would, without fig leaves, be the functional equivalent of an *ex post facto* application of the law. This the due process clause forbids. Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). Moreover, to apply retroactively the judicial construction now placed on § 1461 would further deprive defendants of due process by having denied them fair warning that their acts, when committed, constituted a crime.

Accordingly,

It is ordered that the indictment is dismissed.

4. Under the old *Memoirs* test, to establish obscenity "three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value." Memoirs v. Massachusetts, *supra,* 383 U.S. at 418, 86 S.Ct. at 977.

Under the new *Miller* test, however, "[t]he basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, . . . (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." *Miller, supra,* —— U.S. at ——, 93 S.Ct. at 2615 (citations omitted). The new test is applicable to federal cases. United States v. Orito, —— U.S. ——, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); United Staets v. 12 200-Ft. Reels of Super 8 mm. Film, —— U.S. ——, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973).

5. *See, e. g.,* Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967); Burgin v. South Carolina, 404 U.S. 806, 92 S.Ct. 46, 30 L.Ed.2d 39 (1971) (mem.); Hartstein v. Missouri, 404 U.S. 988, 92 S.Ct. 531, 30 L.Ed. 2d 539 (1971) (mem.); Wiener v. California, 404 U.S. 988, 92 S.Ct. 534, 30 L. Ed.2d 539 (1971) (mem).