**UNITED STATES of America,
Plaintiff,**

v.

**Stanley MARKS dba Cinema X
Theatre et al., Defendants.**

**No. 11057.**

United States District Court,
E. D. Kentucky,
Covington Division.

Oct. 5, 1973.

Louis DeFalaise, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

Andrew Dennison, Cincinnati, Ohio, Charles J. Schear, Newport, Ky., for Marks.

Robert Eugene Smith, Baltimore, Md., Gilbert Deitch, Atlanta, Ga., for all other defendants.

## MEMORANDUM

SWINFORD, District Judge.

The court is confronted with eight motions filed by the defendants: (1) motion by the defendant Marks to dismiss; (2) motion by Marks for the return and suppression of confiscated property; (3) motion by all defendants (except Marks) to dismiss; (4) motion by all defendants (except Marks) for discovery; (5) motion by all defendants for a bill of particulars; (6) motion by all defendants for inspection of grand jury minutes; (7) motion by all defendants for production of evidence inconsistent with guilt; (8) motion by Marks to join with the other defendants in their motions for evidence inconsistent with guilt; inspection of grand jury minutes; bill of particulars; discovery; and dismissal.

■ The Government and other defendants have offered no objection to Marks' request for consolidation; accordingly, an order will be entered sustaining that motion.

### Motion to Suppress

This motion, filed only on behalf of Marks, seeks the suppression and return of the films generative of this prosecution. The defendant assails the scope and manner of inquiry utilized prior to seizure as well as the First Amendment deprivations allegedly occasioned by the confiscation.

■ This court is unable to discern any defect in the Magistrate's hearing that would justify the relief sought. Much is made of the failure of the Magistrate to actually view the films in question; instead, he was presented affidavits describing the factual occurrences portrayed on the screen. This method, which was accepted for an initial seizure in Merritt v. Lewis, E.D.Cal., 309 F. Supp. 1249, 1253 (1970), satisfies the court that the issuing officer was ade-quately apprised of the contents of the challenged films, while avoiding needless technicality and insuring a pragmatic approach to the issuance of a warrant. See Coury v. United States, 6th Cir., 426 F.2d 1354 (1970); United States v. Kidd, 6th Cir., 407 F.2d 1316 (1969). The accounts used herein are in no way comparable to the conclusory affidavits condemned in Marcus v. Search Warrant, 367 U.S. 717, 81 S.Ct. 1708, 6 L. Ed.2d 1127 (1961) and Lee Art Theatre, Inc. v. Virginia, 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313 (1968). The procedure employed clearly allowed the Magistrate to "focus searchingly on the question of obscenity," as required by Marcus, supra, 367 U.S. at 732, 81 S.Ct. at 1716.

■ The defendant claims that the Government's failure to return the seized materials results in a prior restraint upon the exercise of constitutional guarantees. This issue was resolved against the defendants by order of this court dated April 6, 1973. Further, the accused is mistaken in his argument that Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973), mandates a return of confiscated material where there is danger of a prior restraint on communicative rights; Heller attempted to balance prosecutorial interests against the possible censorial effect of seizing items not yet ruled obscene:

"(O)n a showing to the trial court that other copies of the film are not available to the exhibitor, the court should permit the seized film to be copied so that showing can be continued pending a judicial determination of the obscenity issue in an adversary proceeding. Otherwise, the film must be returned." Id. at 492, 93 S.Ct. at 2795.

The record in this case does not reveal either a demonstration by the defendant of the unavailability of copies, or a request for permission to duplicate the movies seized. It is therefore apparent that any First Amendment dilution which occurred through the seizure was

the result of the defendants' failure to satisfy the prerequisites outlined in Heller.

The claim that the absence of a constitutional standard of obscenity prior to Miller rendered the Magistrate's proceedings defective is discussed and rejected in connection with the motion to dismiss; Miller forged no new standard, but merely clarified certain ambiguities present in the tests devised earlier.

The defendant's motion to suppress will be overruled.

### Motion to Dismiss

The court is not persuaded by the numerous theories for dismissal propounded by the defendants; although it is admittedly difficult to frame cohesive responses to the multitude of propositions forwarded, the arguments may be roughly divided into those attacking the constitutionality of 18 U.S.C. § 1465 and those challenging the indictment itself.

 The assailed statute proscribes the interstate transportation for sale of the following items:

"Any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film, paper, letter, writing, print, silhouette, drawing, figure, image, cast, phonograph recording, electrical transcription or other article capable of producing sound or any other matter of indecent or immoral character, shall be fined not more than $5,000 or imprisoned not more than five years, or both." 18 U.S.C. § 1465.

It is well understood that obscenity is undeserving of constitutional protection, Miller v. California, 413 U.S. 15, 93 S. Ct. 2607, 37 L.Ed.2d 419 (1973); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); rather, the defendants' attack relates primarily to definitional terms utilized in the statute. This criticism is unwarranted in view of Roth v. United States, supra, and United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973), which rebuked challenges leveled against substantially identical language in 18 U.S.C. §§ 1461 and 1462. See also United States v. Cote, 5th Cir., 470 F.2d 755 (1972). A statutory provision will not suffer constitutional invalidation merely because of a lack of complete precision. The fact that certain conduct may fall on either side of legislative terms descriptive of an offense is not fatal so long as an adequate warning of sanctioned activity is conveyed. Roth v. United States, supra, 354 U.S. at 491–492, 77 S.Ct. 1304. The Court in Nash v. United States, 229 U.S. 373, 377, 33 S.Ct 780, 781, 57 L.Ed. 1232 (1913), recognized that many equivocal acts require a forecast of a jury's subsequent reactions:

"(T)he law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree. If his judgment is wrong, not only may he incur a fine or short imprisonment . . . he may incur the penalty of death."

See also United States v. Wurzbach, 280 U.S. 396, 50 S.Ct. 167, 74 L.Ed. 508 (1930).

 The constitutionality of 18 U.S. C. § 1465 is not weakened by the Supreme Court decisions in Miller v. California, supra, and accompanying cases. Although these opinions did clarify the earlier disputes surrounding the obscenity question, it would be simplistic to abandon all earlier attempts in the same direction. The impropriety of such an action is revealed in United States v. Orito, supra, affirming the constitutionality of 18 U.S.C. § 1462, and United States v. 12 200 foot reels, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973), where the Court indicated that any ambiguity in 19 U.S.C. § 1305 could be resolved by an interpretation consistent with current judicial reasoning.

It is also argued that since Miller formulated a new test of obscenity, prosecution of these defendants for conduct prior to that opinion would invoke the constitutional proscription of ex post facto culpability. This position misap-

prehends both Miller and the Ex Post Facto Clause.

■■■ It should initially be noted that the Ex Post Facto Clause is intended to apply to statutory enactments, not judicial construction. Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969 (1915); United States ex rel. Almeida v. Rundle, 3d Cir., 383 F.2d 421 (1967), cert. denied 393 U.S. 863, 89 S.Ct. 144, 21 L.Ed.2d 131 (1968). Although Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), did hold that a retroactive application of a court interpretation may offend the Due Process Clause, it is evident that the factors present in the obscenity area render that case easily distinguishable; the Bouie holding should be applied only to decisions which are " 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue . . . .' ". Id. at 354, 84 S.Ct. at 1703. As admitted by the defendant, the previous uncertainty in the realm of obscenity has only been settled by the recent Supreme Court decisions. The Miller group did not create a new definition of illegal conduct, but merely clarified earlier concepts of obscenity of which the defendants were constructively aware. Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 40 L.Ed. 606 (1896); Nash v. United States, supra; United States v. Wurzbach, supra. Further, the Court's action in remanding Miller and its accompanying cases to the lower courts for re-evaluation in light of the clarified standards intimates that the use of the Miller standard in the case at bar is entirely proper; prospective application would have been decreed if constitutional violation had been feared.

The defendants cite in support of this argument United States v. Lang, C.D.Cal., 361 F.Supp. 380 (1973), where a prosecution founded on federal obscenity laws was dismissed in response to the alterations wrought by Miller. This court cannot agree with that decision and notes the four contrary decisions cited by the Government: United States v. Sians, 7th Cir., 481 F.2d 1406 (1973); United States v. Wasserman, W.D.Tex., No. A–72–CR–71 (July 26, 1973); United States v. Pinkus, C.D.Cal., No. 11444–DW–CD (July 16, 1973); United States v. Hill, S.D.Fla., No. 73–347 Cr.–NCR.

■■■ The attack upon the indictment itself is similarly misplaced. The allegation of invalidity due to the absence of evidence relating to obscenity before the grand jury is without merit. The validity of an indictment is ascertained on its face, not through a probing reappraisal of the evidence before the grand jury; the implementation of such a course would ultimately result in a preliminary trial conducted before the grand jury:

> "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required . . . An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956).

■■ The claim that the nonexistence of evidence relating to scienter warrants dismissal reveals a misunderstanding of the underlying statutory requirements. The federal obscenity provisions do not require a personal belief on the part of the accused that challenged material is obscene; reliance on Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), is misplaced since

> "Smith has not been interpreted to require that the defendant know the material to be obscene, but merely know

what the material contains, leaving legal rulings to the courts." United States v. Gundlach, M.D.Pa., 345 F. Supp. 709, 717 (1972).

■■■ The arguments generated by alleged procedural abuses are easily disposed of. First, the defendants attack the government's failure to accord a hearing on the question of obscenity prior to the return of the indictment. Although a hearing is mandated prior to the seizure of materials, Marcus v. Search Warrant, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed. 1127 (1961); Cambist Films, Inc. v. Tribell, E.D.Ky., 293 F. Supp. 407 (1968), there is no requirement for such a process as a condition precedent to the return of an indictment. It further appears that the scope and manner of the hearing satisfied the requirement for an independent judicial evaluation of obscenity. The Magistrate did not view the films in question; however, affidavits describing the factual occurrences portrayed in the movies and prepared by agents who had been exposed to the material were presented to the Magistrate.

■■■ The defendants finally claim that the twelve overt acts delineated in the indictment are not sufficient to support a conspiracy charge under 18 U.S. C. § 371; the court disagrees. Although the separate actions viewed in an isolated manner reflect a semblance of innocent conduct, a pragmatic examination of these allegations immunizes this charge from dismissal.

■■■ Examination of the conspiracy count reveals that it alleges both an unlawful purpose and overt acts manifesting the implementation of a conspiracy. United States v. Root, 9th Cir., 366 F.2d 377 (1966), cert. denied 386 U.S. 912, 87 S.Ct. 861, 17 L.Ed.2d 784 (1967); United States v. Offutt, 75 U.S.App.D.C. 344, 127 F.2d 336 (1942). While the commission of an overt act must be alleged and proven, the act itself does not comprise the offense. Hudspeth v. McDonald, 10th Cir., 120 F.2d 962 (1941), cert. denied 314 U.S. 617, 62 S.Ct. 110, 86 L.Ed. 496 (1941). In United States v. Turner, E.D.Tenn., 274 F.Supp. 412 (1967), the court was confronted with an allegation similar to that forwarded herein:

> "These defendants also move to strike paragraphs 2 and 4 of Count 1 on the ground they do not charge the defendants with the commission of unlawful acts. This is not necessary. Many overt acts that are committed in pursuance of the conspiracy may be lawful. Only one overt act whether lawful or unlawful committed in pursuance to a conspiracy is sufficient." Id. at 415.

The court is convinced that the defendants were adequately apprised of the charge.

An order will be entered overruling the motion to dismiss.

### Motion for Discovery

The defendants seek through this motion any evidence possessed by the Government which might possibly be used in this prosecution, including, but not limited to: (1) memoranda or statements by the defendants or their agents concerning the facts of this action; (2) grand jury testimony; (3) tangible objects taken from the defendants; (4) eavesdropping evidence obtained through electronic means; (5) memoranda or conduct of any person which generated the arrest of these defendants; (6) any records formulated during the past two years pertaining to obscenity investigations by the Government.

An analysis of this motion requires recognition of the different standards of proof which the defendant must satisfy to secure various forms of evidence. Rule 16(a), Federal Rules of Criminal Procedure, provides that the court, upon motion of the defendant, "may" order the production of: (a) written statements by the defendant; (b) reports of physical and scientific tests and examinations; (c) the defendant's recorded testimony before the grand jury. Al-

though conflict exists as to whether this information is available as a matter of right and without a showing of need, 1 Wright, Federal Practice and Procedure, Section 253, pp. 500–503, notes 33–35, there appears no justification for denying such information in the case at bar. See United States v. Turner, E.D.Tenn., 274 F.Supp. 412 (1967).

For the reasons noted in the discussion of the motion to inspect the grand jury minutes, the defense is entitled to inspect any statements or grand jury testimony offered by the defendants on their corporate officers or employees acting in response to subpoenas directed to the corporation, but not evidence relating to the testimony of other persons.

Rule 16(b) allows the defendant access to tangible objects in the possession of the Government only upon a demonstration of materiality and reasonableness. Aside from a bare prefatory allegation that these requirements are present, the defendants claim that production of such material will: (1) protect the defense against illegally seized evidence; (2) provide a fair trial; (3) guarantee proper confrontation with witnesses; (4) enable effective assistance of counsel; (5) insure that all relevant evidence will be brought before the court; (6) either dispense with or shorten the trial. These arguments offer scant improvement over the broad statement offered above, and do not begin to furnish the standard of proof envisioned by the Rule.

> "(T)he requirement of Rule 16(b) of a showing of the reasonableness and materiality of the request is not satisfied by a mere conclusory allegation that the requested information is material to the preparation of the defense." United States v. Conder, 6th Cir., 423 F.2d 904, 910 (1970).

It is unnecessary to entertain the propriety of the demand for electronically intercepted information since the Government has responded that such methods have not been utilized in this case.

The requests in items five and six are denied. Although current rules envision ready availability of many items upon proper compliance by the defendant, matters identified with the investigatory phase of a case are protected;

> "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses . . . to agents of the government . . . ." Rule 16(b),

Federal Rules of Criminal Procedure. It is obvious that a demand for memoranda or conduct of individuals which fostered this prosecution falls squarely within the exclusion above. United States v. Wilkerson, 6th Cir., 456 F.2d 57 (1972); United States v. Turner, supra. The final request is patently impermissible as a bald attempt to invade the Government's "work product", not only in this case, but in all similar investigations throughout the country. See Gollaher v. United States, 9th Cir., 419 F.2d 520, 527–528 (1969), cert. denied 396 U.S. 960, 90 S.Ct. 434, 24 L. Ed.2d 424 (1969).

### Motion for Bill of Particulars

The numerous requests forwarded in this motion can easily be classified into three major areas: (a) the legal theories upon which the Government expects to rely; (b) a detailed narration of the exact manner in which the criminal acts occurred; (c) the names of any witnesses to the commission of this offense; (d) past offenses of the defendants.

The extreme breadth of this motion illustrates an apparent misconception of the purpose of a bill of particulars: It is not a discovery device intended to disengorge evidentiary matter, but a discretionary aid designed to

> "provide defendant with information about the details of the charge against

him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial . . .

The test in passing on a motion for a bill of particulars should be whether it is necessary that defendant have the particulars sought in order to prepare his defense and in order that prejudicial suprise will be avoided. A defendant should be given enough information about the offense charged so that he may by the use of diligence, prepare adequately for the trial. If the needed information is in the indictment or information, then no bill of particulars is required." 1 Wright, Federal Practice and Procedure, Section 129, at pp. 283–284. .

■ The defendants' requests for governmental interpretations of obscenity statutes and court decisions are denied. A bill of particulars is not intended to inform the defendant of the prosecution's legal theories or conclusions. Similar demands were refused in United States v. Luros, N.D.Iowa, 243 F.Supp. 160, 172 (1965), cert. denied 382 U.S. 956, 86 S.Ct. 433, 15 L.Ed.2d 361 (1965):

"Paragraphs 1 and 2 of the defendants' motion ask for the definitions of the words 'obscene', 'lewd', 'lascivious', 'indecent', and 'filthy'. The Government is not required to state the definitions of legal terms."

See also United States v. Bearden, 5th Cir., 423 F.2d 805 (1970), cert. denied 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68 (1970).

■ The last two requests must also be denied. Although there may be circumstances in which a list of witnesses should be produced, Will v. United States, 389 U.S. 90, 99, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967), there has been absolutely no indication that this request has a legitimate foundation. See United States v. Rimanich, 7th Cir., 422 F.2d 817, 818 (1970); Hickman v. United States, 5th Cir., 406 F.2d 414 (1969),

cert. denied 394 U.S. 960, 89 S.Ct. 1309, 22 L.Ed.2d 561 (1969). The request for information of defendants' of witnesses' prior criminal records is equally unavailing as this information considerably surpasses the scope of a bill of particulars. United States v. Johnson, N.D.Ill., 298 F.Supp. 58, 62 (1969); United States v. Mavrogiorgis, S.D.N.Y., 49 F.R.D. 214 (1969).

An order will be entered overruling this motion.

### Motion to Inspect Grand Jury Minutes

This motion seeks any recorded grand jury proceedings, including testimony of the individual defendants and officers or employees of the corporate defendants; the movants alternatively seek a summary of the evidence presented if the grand jury sessions were not transcribed.

■ The availability of grand jury testimony is partially governed by Rule 16(a), Federal Rules of Criminal Procedure:

"Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant . . . (3) recorded testimony of the defendant before a grand jury."

Although this Rule is cast in discretionary terms, the prevailing authority favors permitting the defendant inspection of his own grand jury testimony. United States v. Turner, supra; 1 Wright, Federal Practice and Procedure, Section 253, pp. 507–508. Further, this court is inclined to follow the approach adopted in United States v. Aeroquip Corporation, E.D.Mich., 41 F.R.D. 441 (1966), regarding the accessibility of officers' and employees' testimony:

"(T)he court adopts a limited construction of Rule 16(a)(3) to permit at this time, as a matter of right, pretrial disclosure to a corporate defendant only of the grand jury testimony

of corporate officers, who were officers at the time they so testified and of individuals who testified before the grand jury in response to subpoenas *duces tecum* directed to the corporation." Id. at 446.

United States v. Louis Carreau, Inc., S. D.N.Y., 42 F.R.D. 408 (1967).

■ A demand for the grand jury testimony of other witnesses is governed not by the permissive Rule 16(a), but by the more restrictive provisions in Rule 6(e), Federal Rules of Criminal Procedure. Despite the tendency of recent cases to abandon the heavy burden formerly placed upon the movant, see 1 Wright, Federal Practice and Procedure, Section 108, some showing of "particularized need" must still be offered before the production of grand jury testimony will be directed; this court rejects bare allegations that the material is required to adequately prepare for trial or to furnish grounds for dismissal. United States v. Hensley, 6th Cir., 374 F.2d 341 (1967), cert. denied 388 U.S. 923, 87 S.Ct. 2139, 18 L.Ed.2d 1373 (1967).

Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), noted by the defendants, does not propound the expansive posture urged. Although the Supreme Court recognized the potential injustice of the strict rules previously cited to withhold such information, that opinion did not command the dissemination of grand jury evidence merely upon demand.

The alternate request—for particulars if the grand jury testimony was not transcribed—is denied. The specific particulars sought relate not to the defendants' testimony, but to the question of whether evidence of "community standards," "dominant appeal," "prurient interest," and the like were presented. Further, summaries of unrecorded proceedings prepared by government officers are no less confidential than the deliberations themselves. U. S.

Industries, Inc. v. United States District Court, 9th Cir., 345 F.2d 18 (1965), cert. denied 382 U.S. 814, 86 S.Ct. 32, 15 L. Ed.2d 62 (1965).

The defendants' allegations are not sufficient to shatter the traditional secrecy accorded grand jury proceedings. An order will be entered sustaining this motion only as to the request for testimony by the defendants or their corporate officers or employees pertaining to the affairs of the defendant corporations.

### Motion for Production of Evidence Favorable to Accused

■ A motion characterized in this manner must be identified as little more than a "fishing expedition." The courts have agreed that requests incorporating this language are not contemplated by Rule 16, Federal Rules of Criminal Procedure; Wright comments that "general motions seeking discovery of anything in the possession of the government favorable to the defense have received a cold reception from the courts." 1 Wright, Federal Practice and Procedure, Section 254, at page 515. Such a welcome was extended by the Sixth Circuit in United States v. Moore, 6th Cir., 439 F.2d 1107, 1108 (1971):

"To grant such a motion would place an almost impossible burden on the Government. The motion is not even limited to evidence in the possession of the Government. The Government would have to determine before trial whether the evidence is favorable as well as relevant. If this pretrial practice were adopted, there would be little left of our adversary system. It must be remembered that in criminal cases the defendant is not required to disclose anything."

The specific requests proffered by the defendants are discussed above; a favorable ruling on this motion would result in the disengorgement of many materials not made discoverable by even

the broadest interpretation of the Criminal Rules.

## ORDER

It is ordered and adjudged herein as follows:

That the motion by defendant Marks to join with the other defendants in their motions for evidence inconsistent with guilt; inspection of grand jury minutes; bill of particulars; discovery; and dismissal, be and the same hereby is sustained.

That the motion by defendant Marks for the return and suppression as evidence of seized property be and the same hereby is overruled.

That the motion by defendant Marks to dismiss be and the same hereby is overruled.

That the defendants' consolidated motion to dismiss be and the same hereby is overruled.

That the defendants' consolidated motion for discovery be and the same hereby is sustained insofar as it seeks (a) statements by the defendants; (b) statements by the officers or employees of the corporate defendants pertaining to the activities of the defendant corporations. The motion is ordered overruled as to the other matters sought by the defendants.

That the defendants' consolidated motion for a bill of particulars be and the same hereby is overruled.

That the defendants' consolidated motion for inspection of grand jury minutes be sustained as to (a) testimony of individual defendants; (b) testimony of the corporate defendants' officers or employees in response to questions directed to them in their representative capacity. The motion is ordered overruled as to the other matters sought by the defendants.

That the defendants' consolidated motion for production of all evidence inconsistent with guilt be and the same hereby is overruled.

See Memorandum.